■ In the Matter of JOSEPH GRUNER et al., Respondents, v. ALFRED HAEFELI et al., Constituting the Planning Board of the Town of Lloyd, Ulster County, Appellants.— Appeal from an order of the Supreme Court, Ulster County, in a proceeding under article 78 of the Civil Practice Act and section 282 of the Town Law which set aside a decision of the appellant Planning Board of the Town of Lloyd and dispensed with its approval for the respondents' proposed subdivision map. The petitioners presented a plat of a proposed subdivision to the appellants for approval. A public hearing was held on July 17, 1958 at which time questions arose concerning the size of the lots, extension of a proposed road within the subdivision, access to State highway 9-W, land for widening the existing Blue Point Road which provided access to Route 9-W and sidewalks. The hearing was adjourned to July 24, 1958 at which time a revised map was presented changing lot sizes and reserving land for extension of a proposed road. The petitioners refused to construct any sidewalks or to dedicate the necessary land to widen the existing Blue Point Road and took the position that it was the town's responsibility to improve that road and its access to Route 9-W. The Planning Board denied its approval of the proposed subdivision holding that the Blue Point Road would have to be improved as well as its access to Route 9-W, that sufficient right of way for such improvement should be provided by the petitioners and that until such conditions were remedied

it would not be suitable or safe to approve the subdivision. It further held that safety required sidewalks and that for the construction of the sidewalks and completion of the proposed roads in the subdivision a bond in the amount of $6,500 would be necessary before approval could be given. This proceeding was brought by petitioners to review the decision of the Planning Board and the court below held that in the absence of an ordinance adopted by the Town Board or rules and regulations adopted by the appellants covering the subject matter over which it has jurisdiction, any action or proceeding by the appellants is void and of no effect. It set aside the appellants' decision and dispensed with its approval for the filing of petitioners' map. A town board is authorized under section 271 of the Town Law to create a planning board and section 276 provides that: "1. For the purpose of providing for the future growth and development of the town and affording adequate facilities for the housing, transportation, distribution, comfort, convenience, safety, health and welfare of its population, such town board may by resolution authorize and empower the planning board to approve plats showing lots, blocks or sites, with or without streets or highways, within that part of the town outside the limits of any incorporated city or village." Apparently the Town Board of Lloyd has so empowered the appellants. Section 277 then sets forth at length the various things which the Planning Board shall require in approving such plats such as width, grade, and location of streets and highways and installation of such things as street signs, sidewalks, curbs and gutters and it provides that in the alternative a performance bond may be required. It also provides that the board may waive any of such requirements. Section 272 provides that: " The planning board may adopt rules and regulations in respect to procedure before it and in respect to any subject matter over which it has jurisdiction under this article or any other statute, after public hearing by the planning board and subject to the approval of the town board." The respondents contend that the word " may " should be construed as mandatory and that since no rules or regulations were adopted here the appellants were without authority to act. However, as the wording of the statute clearly indicates the adoption of such rules and regulations is permissive. The requirements which a planning board such as appellants' is to impose and the standards which it is to follow are those set up by the Legislature in section 277 and the adoption of rules and regulations as permitted by section 272 would merely serve to further implement the basic requirements already established by the Legislature. In referring to section 277 in *Matter of Brous* v. *Smith* (304 N. Y. 164, 169) Judge FULD stated that, " By that provision, the local planning board is empowered to require, as a condition to the approval of a subdivision plat, ' that all streets or other public places shown on such plats shall be suitably graded and paved ' and other improvements installed," thus implying that the legislative directives contained in section 277 are sufficient without further implementation. Further, section 277 provides " that where a zoning ordinance has been adopted by the town the plots shown on said plat shall at least comply with the requirements thereof " which indicates by implication that such an ordinance is not a prerequisite to action by a planning board. The respondents have not shown that the action of the appellants here was arbitrary or capricious and thus its determination should be reinstated. Order reversed and determination of Planning Board reinstated, with $10 costs. [15 Misc 2d 55.]