◼ In the Matter of DOUGLASTON CIVIC ASSOCIATION, INC., et al., Respondents, v. THOMAS F. GALVIN et al., Constituting the Board of Standards and Appeals of the City of New York, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR *inter alia* to review a determination of the appellant Board of Standards and Appeals of the City of New York which denied a request to reopen and reconsider the grant of a variance to allow the appellant estate of Dave Simon to construct a six-story multiple dwelling on certain property located in Queens County, the appeals (by permission) are from so much of an order of the Supreme Court, Queens County, dated September 5, 1972 and made on resettlement, as (1) denied a motion by said board, in which the estate of Dave Simon joined, to dismiss the petition and (2) extended the time for answering the petition. Order reversed insofar as appealed from, with $20 costs and disbursements jointly to appellants appearing separately and filing separate briefs, and petition dismissed. We direct dismissal of the proceeding as to the petitioner Douglaston Civic Association Inc. because that petitioner is not a property owner and hence has no standing to bring the proceeding (see *Matter of Moore* v. *Burchell,* 14 A D 2d 572, mot. for lv. to app. den. 10 N Y 2d 709; *Matter of Manor Woods Assn.* v. *Randol,* 29 A D 2d 778). We reverse as to the two individual petitioners on the merits. On the issue of standing, we conclude they come within the provision of subdivision a of section 668e–1.0 of the New York City Administrative Code which states that "any person or persons, jointly or severally aggrieved by any decision of the board" may present a duly verified petition in certiorari to the Supreme Court. The petition alleges that the individual petitioners own property and reside in Douglaston, Queens, which is the area involved in this case. It is further alleged that the proposed apartment house would greatly increase motor traffic in a block already congested by double parking and would block off the last bit of open area at the entrance to Douglaston. There is no allegation of pecuniary damage, but that is not the *sine qua non* for standing (see *Bloom* v. *Town Bd. of Town of Oyster Bay,* 41 A D 2d 533, 534 [dissenting opn.], revd, on dissenting opn. in App. Div., 32 N Y 2d 930). The allegations asserted were sufficient in our opinion, to allow the individual petitioners to show that their property was "affected" and that, therefore, they were "aggrieved" by the board's decision (see *Schapiro* v. *Town of North Hempstead,* 35 A D 2d 596; *Daum* v. *Meade,* 35 A D 2d 598). There still remains the question whether petitioners showed any basis for overturning the board's decision not to reopen

this matter. We conclude not. The grounds urged for reopening was the claim that the board had been misled by inaccurate information as to the value of the property. The record reveals that, in support of the application for a variance in 1971, the applicant estate of Dave Simon submitted appraisals indicating that the value of the subject parcel was then $121,878. However, the "new" evidence submitted by petitioners three months after the variance was granted was that in the estate's transfer tax proceeding some years prior to the grant of the variance the subject parcel was valued at $35,000. In our opinion, the board acted well within its discretionary power in rejecting such information and in apparently concluding that a projected return of income, for a parcel for which a variance is sought, may be based on present value, rather than its original cost (cf. *Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39). Moreover, since the information as to the estate tax valuation was readily ascertainable at the time of the hearing, we do not believe it constitutes substantial new evidence and it is not a valid basis upon which to reopen the hearing (cf. *Matter of Ryan & Cable* v. *Montesano,* 36 A D 2d 680). Rabin, P. J., Munder, Martuscello and Latham, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum: I join in the view of my brothers that the Board of Standards and Appeals was correct in denying petitioners' application for a reopening and reconsideration of the variance theretofore granted. I do not agree, however, in the holding that the petitioner civic association is not an aggrieved party and lacks standing. The record indicates that this petitioner is an organization of over 1,000 property owners and residents in the immediate vicinity of the area for which the variance has been granted. As Special Term ruled, these facts, uncontroverted, are sufficient to confer standing on this petitioner to contest the variance. True, there are precedents which determine that an organization of this character is without standing to bring a proceeding to review a zoning decision (cf. *Matter of Manor Woods Assn.* v. *Randol,* 29 A D 2d 778; *Matter of Lido Beach Civic Assn.* v. *Board of Zoning Appeals of Town of Hempstead,* 13 A D 2d 1030). But these cases should not now control, in view of the broadening concept of standing. We have recognized that it is not always necessary to demonstrate that a litigant has a personal grievance in a controversy (see, e.g., *Matter of Policemen's Benevolent Assn. of Westchester County* v. *Board of Trustees of Vil. of Croton-on-Hudson,* 21 A D 2d 693; *Matter of Andrews* v. *Nagourney,* 41 A D 2d 778). The test of grievance, in the eyes of the Supreme Court of the United States, is "whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question" (*Data Processing Serv.* v. *Camp,* 397 U. S. 150, 153). That interest need not be solely economic; it may represent aesthetic and environmental values as well (cf. *Sierra Club* v. *Morton,* 405 U. S. 727, 738). The standing of a civic organization should be appraised in relation to several factors: (1) the capacity of the organization to assume an adversary position, (2) the size and composition of the organization as reflecting a position fairly representative of the community or interests which it seeks to protect and (3) the adverse effect of the decision sought to be reviewed on the group represented by the organization as within the zone of interests sought to be protected. If factual issues are raised on any of these factors, the court should resolve the question of standing by a preliminary hearing (cf. *Matter of Unitarian Universalist Church of Cent. Nassau* v. *Shorten,* 64 Misc 2d 1027). On this record, it sufficiently appears that the petitioner civic association satisfies the criteria for standing. Its size and

the location of its membership establish its capacity both to assume an adversary position and fairly to represent the community; and the effect of the variance is arguably within the zone of interests to be protected. Of course, there may be cases where a civic organization from its size or composition is suspect, but clearly this is not the case in this proceeding. Though I am of the opinion that standing of the petitioner civic association was shown by the record, that merely goes to the right of this petitioner to obtain a determination on the merits (cf. *Matter of Town of Bedford* v. *Village of Mount Kisco*, 33 N Y 2d 178). On the merits, I concur for reversal and dismissal of the petition.