OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioners seek a judgment declaring null and void all action taken by respondents at a meeting held on July 17, 1978 or, in the alternative, declaring that the respondents acted in an arbitrary manner and abused their discretion in approving two plats known as the Dunes and Pinehurst in the Pine Bush area of the City of Albany.
G.M.R. Properties, Inc. (also known as and hereinafter referred to as Gulfco), owner of the property known as the *321 Pinehurst subdivision, moves for an order permitting it to intervene in this proceeding as a party respondent upon the ground that it is a necessary party to the proceeding, and further for an order that petitioners be required to give an undertaking sufficient to indemnify applicant intervenor (Gulfco) for all damages sustained by it as a result of the stay granted petitioners upon bringing the instant proceeding.
The motion of the applicant intervenor (Gulfco) permitting it to intervene as a necessary party in that they would be inequitably affected by the granting of the judgment requested by petitioners, is hereby granted.
Petitioners, Friends of the Pine Bush (hereinafter referred to as Friends), are an unincorporated association formed in 1977 for the purpose of educating the public with respect to preservation of our natural resources, especially preservation and protection of the area in the City of Albany known as the Pine Bush.
Respondent Planning Board of the City of Albany (hereinafter referred to as Board) was created by the Albany Common Council and possesses certain powers, duties, authority and responsibilities with respect to planning for land use in the City of Albany. On June 22, 1978 and July 5, 1978, the respondent Board held a public hearing with relation to two applications for approval of subdivision plats in the Pine Bush. The plats were displayed and the applicants stated their positions at the hearing. Some 37 people spoke in opposition to the approval, as did a representative of the Commissioner of the Department of Environmental Conservation.
On July 17, 1978, the Board held a public meeting. At said meeting the Board had placed before it the Federal Register, a Pine Bush public inprovement costs, Pine Bush land use tabulation and the recommendations of the Albany County Planning Board. By a vote of the Board, both subdivision plats were approved.
The petitioners then instituted the instant proceeding pursuant to section 38 of the General City Law, seeking judicial review of the determination of the Board and also raising other collateral attacks on the action of the respondent Board with reference to its jurisdiction and lack of authority.
The respondents contend that the petition is legally insufficient in that the petitioners do not have sufficient legal standing to challenge the determination of the Board and further, that the hearing held by the Board was quasi-legisla *322 tive; the Board fulfilled its obligations to the petitioner; and the respondent Board was not arbitrary and capricious in the approval of the subdivisions in question.
This court must agree with the contentions of the respondents. Section 38 of the General City Law provides as follows:
"§ 38. Boards of appeal
"Any person or persons, jointly or severally aggrieved by any decision of the planning board concerning such plat or the changing of the zoning regulations of such land, or any officer, department, board or bureau of the city, may obtain a review in the manner provided by the civil practice law and rules provided the proceeding is commenced within thirty days after the filing of the decision in the office of the board.” (Emphasis supplied.)
Although the need in zoning cases for a broader rule of standing and the actual broadening of said rule has been recognized (Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1), the court must still be satisfied that the particular organization before it is an appropriate one to act as the representative of the group whose rights it is asserting. "The test of grievance, in the eyes of the Supreme Court of the United States, is 'whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question’.” (Matter of Douglaston Civic Assn. v Galvin, 43 AD2d 739, 740.) That interest need not be solely economic, but it may represent aesthetic and environmental values as well. However, the standing of the petitioners herein must be appraised in relation to several factors: (1) the capacity of the organization to assume an adversary position; (2) the size and composition of the organization as reflecting a position fairly representative of the community or interests which it seeks to protect; and (3) the adverse effect of the decision sought to be reviewed on the group represented by the organization is within the zone of interests sought to be protected (Matter of Douglaston, 43 AD2d 739, affd 36 NY2d 1, supra). The petition and all of the papers before this court in this proceeding are devoid of any allegation or proof that petitioners have sustained either an injury in fact or that the interest which they seek to protect is within the zone of interests to be protected by the statute in question, or that there has been a deprivation of a statutory or constitutional right.
The contention of the petitioners is as stated in petitioners’ *323 memorandum of law; "The Friends reflects a position representative of the interests in the entire community which seeks to preserve the Pine Bush as a natural landmark. The adverse effect of the decision herein sought to be reviewed is within the zone of interests sought to be protected by the Friends.”
This court cannot agree with this contention, for the use or enjoyment of the Pine Bush as a natural landmark in its present state, including the "Karner Blue” and the flora and fauna, must be enjoyed on the site. The site or land which is the subject of the instant proceeding is not public, but is private property and therefore not available for use or enjoyment by the petitioners unless by permission of the owners.
Applying all of the above-mentioned factors in determining standing would not insure that the necessary adverseness is present for litigation of the issues raised by the petition. Therefore, the petitioners are not "aggrieved persons” and have no standing. The petition is dismissed.