*169 OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding which was previously dismissed by judgment of this court entered October 11, 1978 in Albany County (96 Misc 2d 320) which was granted by this court on an objection in point of law and which was modified by the Appellate Division, Third Department and remitted for a determination on the merits (71 AD2d 780). The Appellate Division has determined that the individual petitioners have standing but not the association of which they are members.
This is an application by the petitioners seeking a judgment declaring null and void all action taken by respondent Planning Board of the City of Albany (Planning Board) at a meeting held on July 17, 1978 or, in the alternative, declaring that respondent Planning Board acted in an arbitrary manner and abused its discretion.
As stated by the Appellate Division in its decision (supra, p. 780): “Following two public hearings held on applications for approval of two subdivision plats in that area in the City of Albany known as the Pine Bush, the Planning Board of the City of Albany approved both subdivision plats at a meeting held on July 17, 1978. The petitioners, an unincorporated association called Friends of the Pine Bush and five individuals who are members of the association and reside in the City of Albany, commenced this proceeding to annul the planning board’s action in approving the plats. The petition alleged that the planning board failed to comply with article 7 of the Public Officers Law; that the regulations, upon which the approvals were based, were not properly enacted; and that the planning board acted in an arbitrary and capricious manner and abused its discretion when it approved the plats. The planning board in its answer denied the material allegations of the petition and asserted that the petitioners lacked standing to bring this proceeding. Special Term dismissed the petition on the ground that none of the petitioners had standing, and this appeal ensued.”
As previously stated, the Appellate Division modified this court’s Special Term dismissal and held that the individual *170 petitioners do have standing and remitted the proceeding for a determination on the merits. This court will therefore now consider the merits.
This court will first consider the petitioners’ allegation that the Planning Board failed to comply with article 7 of the Public Officers Law or “Open Meetings Law”.
In petitioners’ memorandum of law submitted to this court, petitioners state: “POINT V: Based on the materials presented in respondents’ answer, it appears that with regard to the planning board meeting of July 17, 1978, there was compliance with Public Officers Law § 99(1) and that cause of action is hereby abandoned.”
This court will now consider petitioners’ allegation that the regulations, upon which the approvals were based, were not properly enacted.
The petitioners contend that section 32 of the General City Law gave the Common Council of the City of Albany authority to grant by ordinance Planning Board jurisdiction to approve plats but that the common council had not given plat approval power to the Planning Board at the time the land subdivision regulations were adopted by the Planning Board in 1968. That the regulations pursuant to which the Dunes and Pinehurst plats were processed were invalid because the Planning Board did not have jurisdiction to enact the land subdivision regulations at the time they were adopted. Petitioners further contend that the ordinance passed by the Common Council of the City of Albany in 1957 authorized the creation of the Planning Board but did not provide that the Planning Board have power to approve subdivision plats. Petitioners further contend that planning boards possess only those powers and duties that are delegated by statutes, municipal charters or local ordinances and that an administrative agency has no power to act beyond the authority and jurisdiction established by the Legislature. Petitioners further contend that on May 1, 1978 the common council did amend the 1957 ordinance and did include a provision giving the Planning Board jurisdiction to approve plats but the Planning Board has not adopted or re-enacted its land subdivision regulations since 1978 when it received jurisdiction to approve *171 plats, and the regulations are still invalid and the approval of the Dunes and Pinehurst subdivisions pursuant to the regulations are null and void.
Petitioners further contend that section 28 of the General City Law requires a public hearing by the Planning Board prior to approval of rules and regulations and that the Planning Board never held a public hearing, either before or after it acquired jurisdiction to approve plats, with regard to its land subdivision regulations; therefore, the regulations are invalid.
Respondents contend that the May 1, 1978 amendment of the 1957 ordinance by the common council providing that the board shall continue to enjoy the power to approve, modify and approve, or disapprove plats and in exercising that authority shall proceed in accordance with section 32 of the General City Law and may adopt rules and regulations governing its procedures, created a permissive not mandatory power to adopt rules and regulations. Respondents further contend that the Planning Board has statutory authority to approve or disapprove proposed subdivisions arising from section 33 of the General City Law.
Respondents cite Matter of Gruner v Haefeli (12 AD2d 838, 839) in which the Appellate Division, Third Department held: “A town board is authorized under section 271 of the Town Law to create a planning board and section 276 provides that: ‘1. For the purpose of providing for the future growth and development of the town and affording adequate facilities * * * such town board may by resolution authorize and empower the planning board to approve plats’ * * * Section 272 provides that: ‘The planning board may adopt rules and regulations in respect to procedure before it and in respect to any subject matter over which it has jurisdiction under this article or any other statute, after public hearing by the planning board and subject to the approval of the town board.’ The respondents contend that the word ‘may’ should be construed as mandatory and that since no rules or regulations were adopted here the appellants were without authority to act. However, as the wording of the statute clearly indicates the adoption of such rules and regulations is permissive. The requirements which a *172 planning board such as appellants’ is to impose and the standards which it is to follow are those set up by the Legislature in section 277 and the adoption of rules and regulations as permitted by section 272 would merely serve to further implement the basic requirements already established by the Legislature. In referring to section 277 in Matter of Brous v. Smith (304 N.Y. 164, 169) Judge Fuld stated that, ‘By that provision, the local planning board is empowered to require, as a condition to the approval of a subdivision plat, “that all streets or other public places shown on such plats shall be suitably graded and paved” and other improvements installed,’ thus implying that the legislative directives contained in section 277 are sufficient without further implementation. Further, section 277. provides ‘that where a zoning ordinace has been adopted by the town the plots shown on said plat shall at least comply with the requirements thereof’ which indicates by implication that such an ordinance is not a prerequisite to action by a ■ planning board. The respondents have not shown that the action of the appellants here was arbitrary or capricious and thus its determination should be reinstated.”
This court is of the opinion that the requirements which the Planning Board had to impose and the standards which it was required to follow were those set up by the Legislature in sections 32, 33 and 34 of the General City Law, and the adoption of rules and regulations as permitted by section 32 of the General City Law would merely serve to further implement the basic requirements already established by the Legislature. Therefore, even if the regulations of the Planning Board were null and void, the approval of the Dunes and Pinehurst subdivisions are not null and void as a result thereof.
This court will now consider the third allegation of the petitioners as pointed out by the Appellate Division, that the Planning Board acted in an arbitrary and capricious manner and abused its discretion when it approved the plats.
Petitioners contend that the Planning Board misapprehended the law and failed to give adequate consideration to the environmental factors. Petitioners contend that the *173 unique nature of the Pine Bush and the unique plant and animal life it sustains are entitled to be considered, and requests this court to review the record of the hearing before the Planning Board in this case. That the testimony of all 38 witnesses was disregarded. That the record of the hearing speaks for itself with uncontradicted testimony about the fragile Pine Bush environment. Petitioners contend that the Planning Board illegally excluded and failed to give weight to environmental considerations, and its approval of the Dunes and Pinehurst plats was arbitrary and capricious and null and void.
Respondents concede that the Planning Board does have an obligation to consider the environmental impact of the proposed subdivisions. However, respondents contend that the Planning Board did afford adequate and sufficient consideration to the environmental impact in approving the plats herein challenged and that the record is laden with viewpoints on such considerations. Respondents further contend that the Planning Board fully considered and balanced the interests of environmental concerns with the growth and development of the City of Albany. The Planning Board evidenced its good faith in considering environmental impact by holding two days of hearings prior to the approval hearing on July 17, 1978 to consider the viewpoint of the environmental interests.
The prevailing case law of this State holds that a court of law may not substitute its judgment for that of an administrative board, absent a finding of arbitrary and capricious approval, nor can a court of law substitute its discretion for that of an administrative board whose decision is supported by its version of the facts.
In this court’s opinion, the decision of the Planning Board was not arbitrary or capricious.
On this remanded proceeding, the petitioners raise an additional allegation not noted by the Appellate Division in its opinion, and that is a contention that the approval of the Dunes and Pinehurst plats is null and void because the Planning Board is without jurisdiction to effectively waive an estimate of the cost of improvements and a performance bond prior to approval by the device of a “con *174 ditional approval”. Petitioners contend that sections 33 and 36 of the General City Law require that the owner of a plat must either complete construction of sewer, street and certain other improvements prior to approval of the plat or make an estimate of the cost of improvements and obtain a performance bond in that amount prior to approval. In this case, the Planning Board required neither construction nor a bond prior to approval, thus leaving the taxpayers of the City of Albany potentially liable for the cost of improvements. Petitioners further contend that case law has unanimously held that prior to approval of a plat by a planning board there must be completed construction of improvements or a performance bond to guarantee their financing.
Petitioners further contend that if the Planning Board fails to require the developer of a plat to finance improvements, there is no statutory authority in New York law for the city to assess against individual purchasers. Petitioners contend that the failure of the Planning Board to require a bond by attempting to make a “conditional approval” giving the developer an option to put up a bond or complete the improvements or arrange for the City of Albany to make the improvements and assess the costs against the individual residences to be constructed, which is in effect a waiver of the estimate and performance bond requirement, is an evasion of the statutory provisions of section 33 of the General Municipal Law. That the statute requires that the taxpayers be protected by construction of the improvements or by a performance bond prior to approval and the failure to require compliance renders the approval of the Dunes and Pinehurst plats by the Planning Board null and void.
The respondents contend that the Planning Board approved the challenged subdivisions plats on July 17, 1978 and in so doing effectively waived the requirement that the developer complete the necessary public improvements prior to approval or to post a performance bond therefor by affording the developer the right to petition the City of Albany for the installation of the improvements and assess back the cost to the benefited property owners.
Respondents further contend that a municipal planning board is authorized to waive requirements which, in the *175 opinion of the board, are not necessary to the public health, safety or welfare.
Section 33 of the General City Law provides in part as follows: “[T]he planning board may waive, subject to appropriate conditions and guarantees, for such period as it may determine, the provision of any or all such improvements as in its judgment of the special circumstances of a particular plat or plats are not requisite in the interests of the public health, safety and general welfare.”
Respondents further contend that the waiver authority of section 33 of the General City Law is broad and as such encompasses the assessment back option provided by the Planning Board to the developers in this proceeding. Respondents further contend that the requirements of section 33 of the General City Law are permissive only, not mandatory. With these contentions this court agrees.
Respondents further contend that chapter 523 of the Laws of 1929, enacted by the State Legislature in relation to street and other public improvements in the City of Albany, is statutory authority for the assessment back procedure. The act provides in part as follows:
“Whenever any work provided for in this act shall have been completed, the expense thereof shall be imposed and assessed upon the property, including franchises, benefited thereby in like manner and form as other assessments for work done in said city are laid and imposed, and such assessment, when so made, shall be presumptive evidence of the regularity of all proceedings taken and had under the provisions of this act”.
It is the opinion of this court that the Planning Board’s approval of the challenged subdivision plats was legally proper and therefore this proceeding is dismissed as a matter of law.