In the Matter of FRIENDS OF THE PINE BUSH et al., Appellants, v PLANNING BOARD OF THE CITY OF ALBANY et al., Respondents, and G.M.R. PROPERTIES, INC., et al., Intervenors-Respondents.

Third Department, May 6, 1982

APPEARANCES OF COUNSEL

*Lewis B. Oliver, Jr.,* for appellants.

*Vincent J. McArdle, Jr., Corporation Counsel (Condon A. Lyons* of counsel), for respondents.

*Rutnik & Rutnik (Peter A. Lynch* of counsel), for intervenors-respondents.

OPINION OF THE COURT

MAHONEY, P. J.

At a public meeting of the City of Albany Planning Board (board) on July 17, 1978, after public hearings before said body on June 22 and July 5, 1978, the board

approved the Dunes and Pinehurst subdivision plats in that area of the city known as the Pine Bush. Petitioners commenced this CPLR article 78 proceeding on July 20, 1978 wherein they allege that the board approvals were null and void on the ground that the board had not properly enacted its land subdivision regulations, that the board illegally waived the condition that the developers install improvements or post a performance bond, and that the board acted arbitrarily and capriciously in failing to properly consider the requisite environmental factors in reaching its decision. Subsequent to our remand for consideration of the matter on its merits,* Special Term dismissed the petition (105 Misc 2d 168). This appeal by petitioners ensued.

Preliminarily, we are constrained to conclude that the issue of the validity of the board's action in approving the Dunes and Pinehurst subdivision plats is moot. The improvements have been installed at city expense and, in part, have been specially assessed against each parcel benefited thereby. Approximately 30% of the approved residential structures have been built and considerable excavation in contemplation of further development has been completed. Further, when this matter was previously before us, petitioners made application for a stay alleging their belief "that if the automatic stay of the Board's decision [effective upon commencement of the article 78 proceeding pursuant to section 38 of the General City Law but dissolved upon dismissal of the petition by Special Term] is not extended by this Court * * * the developers will begin clearing and construction in the subdivisions, thus rendering any scrutiny of the determination of the Albany Planning Board moot". After our order, dated December 8, 1978, denying the extension of the automatic stay was entered, no further action was taken by petitioners. Next, on October 23, 1980, the judgment of Special Term which is the genesis of this appeal was entered. Petitioners made no motion for a stay pursuant to CPLR 5519 and did not file their record and briefs on this appeal

---

* When this matter was previously considered by this court, we modified Special Term's judgment (96 Misc 2d 320) by holding that the individual petitioners did not lack standing to bring this proceeding (71 AD2d 780).

until October 14, 1981, a period of approximately one year following entry of the appealed judgment. The clearly discernible construction activity in the subject subdivisions during this extended period must have been evident to petitioners, organized as they were to prevent such activity, and yet they permitted it to proceed, satisfied, it seems, to rest upon the ultimate success of this appeal. Delay in instituting legal proceedings to enforce what one perceives to be a recognized right, particularly in the area of zoning and its allied concerns such as planning, as here, can result in denial of relief because of laches (see *Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds,* 46 NY2d 488, 496). Consequently, for these reasons we hold that the issue as to the validity of the board's methodology in approving the Dunes and Pinehurst subdivision plats is moot.

However, given the sensitivity of the ecological concerns of petitioners with respect to the further development of the Pine Bush generally and the candid admission of the Corporation Counsel of the City of Albany in his brief that "[t]he respondent Board is unable to advise the Court whether this situation will recur, however, *until advised otherwise,* it takes the position that it had the power under § 33 of the General City Law to do what was done here" (emphasis added), we conclude that this appeal should not be dismissed on the ground of mootness since a question of general interest and substantial public importance is present and is likely to recur if not judicially resolved (see *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715).

Section 33 of the General City Law, after detailing the specifics of the improvements to be required by a planning board, states that such improvements "shall be installed * * * in accordance with standards * * * acceptable to the appropriate city department, or *alternatively* that a performance bond sufficient to cover the full cost of the same * * * shall be furnished to the city *by the owner;* provided however, that the planning board may *waive* * * * the provision of any or all *such improvements* as in its judgment * * * are not requisite in the interests of the public health, safety and general welfare" (emphasis added). In the instant case, the improvements were not installed

when application for subdivision plat approval was made and the board waived the requirement that the developers post a performance bond for the Dunes and Pinehurst subdivisions. This was done to enable the developers to petition the Common Council of the City of Albany to have the city install the necessary improvements and assess back the costs thereof to the benefited property owners.

This procedure followed by the board was clearly violative of the provisions of section 33 of the General City Law. The only construction that can be given to the statutory language of section 33 of the General City Law is that the owner of the land shall install the improvements, or alternatively, post a bond to cover the costs thereof. This interpretation is harmonious with the legislative intent so clearly evident in the 1938 amendment to section 33 (L 1938, ch 205) which added the provision that a city planning board require, as a condition of approval of a subdivision plat, that such improvements be installed or that a performance bond shall be furnished by the owner (see *Matter of Brous v Smith,* 304 NY 164, 169). Contrary to respondents' contention, this procedure, designed to assure soundly conceived subdivisions of stable character in contrast to excessive subdivision of lands not yet ready for building improvement, resulting in serious economic loss to purchasers and severe tax delinquencies and impairment of municipal credit, cannot be waived by the planning board. To hold otherwise would be tantamount to permitting planning boards to destroy, by the exercise of discretion, the statutory expression of the public will to control the development of property. The waiver provision of section 33 speaks to the improvements and not the methodology of insuring planned development. Some improvements, if not necessary to the public health, safety and welfare, may be waived. The rest must be installed or bonded.

Finally, respondents' argument that chapter 523 of the Laws of 1929 (as amd by L 1943, ch 710) permits a course of action with respect to subdivision plat approval inconsistent with the requirements of section 33 of the General City Law is untenable. Chapter 523 of the Laws of 1929, an act relating to street and other public improvements in the

City of Albany, has nothing to do with the approval of subdivision plats. Rather, this special law outlines the procedures to be followed by local property owners who, in order to obtain improved streets, sidewalks, or sewers, are willing to have the costs for improvement imposed and specially assessed upon their property. It has absolutely nothing to do, as does section 33 of the General City Law, with the creation of new habitats in the form of subdivision plats.

Accordingly, we *sua sponte* convert this CPLR article 78 proceeding into an action for declaratory judgment and declare that section 33 of the General City Law mandates that the costs of improvements in a subdivision must be borne by the owner, or alternatively, that said owner post a performance bond sufficient to cover those costs.

The judgment should be reversed, on the law, without costs, and the petition granted to the extent that it is declared that section 33 of the General City Law requires that owners install improvements or post a performance bond sufficient to cover the full cost thereof prior to approval of a subdivision plat by the City of Albany Planning Board.

CASEY, MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment reversed, on the law, without costs, and petition granted to the extent that it is declared that section 33 of the General City Law requires that owners install improvements or post a performance bond sufficient to cover the full cost thereof prior to approval of a subdivision plat by the City of Albany Planning Board.