■ In the Matter of HARRIMAN WOODS ASSOCIATES, Appellant, v TOWN OF MONROE et al., Respondents.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Colabella, J.), entered September 1, 1989 in Orange County, which partially denied petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review two determinations of respondent Town Board of the Town of Monroe authorizing the construction of a new road.

Petitioner commenced a CPLR article 78 proceeding to annul determinations of respondent Town Board of the Town of Monroe (hereinafter the Town Board) which, *inter alia,* authorized construction of a new industrial access road for a proposed industrial park in the Town of Monroe, Orange County. The second phase of the road was to be constructed through property adjoining that owned by petitioner. On June 3, 1985, the Town Board adopted a resolution stating its intent that construction be financed pursuant to Town Law § 200 by special assessments charged to the properties deemed to be benefited by the construction, including petitioner's. A public hearing was held and on August 5, 1985 and September 9, 1985, the Town Board adopted resolutions authorizing construction and expenditure of funds for the construction. In 1986, the Town Board held public hearings and adopted resolutions concerning the special assessments. Bonds eventually were issued for financing and the road was completed in 1987.

On or about January 1, 1988, petitioner received a tax bill which assessed its property in excess of $82,000 for the indus-

trial access road. This CPLR article 78 proceeding was commenced in July 1988 seeking to annul the proceedings authorizing construction of the road and the assessments levied on petitioner's property. Supreme Court denied respondents' motion to dismiss the petition. After respondents answered, Supreme Court rendered a decision which dismissed that portion of the petition seeking to annul the resolutions approving phase two of the road which had already been constructed, and granted that portion of the petition seeking to annul the Town Board's approval of future phase two construction and declare void the 1988 special assessment against petitioner's property. This appeal by petitioner taking issue with the dismissal of part of its petition ensued.

While Supreme Court correctly found that construction of the second phase of the industrial access road should have been authorized pursuant to Highway Law article 8, as had been the opening of the first phase, rather than Town Law § 200 (1), it nevertheless held that the defense of laches was applicable with respect to that part of the road already completed. Supreme Court correctly found that petitioner had actual knowledge of the Town Board's intent to construct phase two of the access road and to finance it as a special assessment against petitioner's property from the time of the adoption of the June 3, 1985 and August 5, 1985 resolutions which explicitly stated that phase two was to be financed pursuant to Town Law § 200 by special assessment charged to the properties deemed to be benefited. We also concur in the court's conclusion that while the Town Board could expect that future assessments might be challenged as to the amount or method of valuation, it was entitled to rely on the June 3, 1985 and August 5, 1985 resolutions in the absence of a judicial challenge. Accordingly, we agree that the petition was properly dismissed insofar as it sought to annul the approval of phase two under Town Law § 200 as applied to 2,000 feet of road that had been constructed, and was properly granted to the extent that the approval of future construction was annulled and remanded for further proceedings consistent with Highway Law article 8. Respondents' reliance on the June 3, 1985 and August 5, 1985 resolutions was demonstrated by the issuance of bonds, solicitation of bids and construction of 2,000 feet of road.

Next, the fact that the State has preempted the subject of the funding of town roadway improvements (see, Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 379) does not support petitioner's contention that Supreme Court erred

in applying the doctrine of laches. This case is not a situation in which the constitutionality of an ordinance has been challenged (see, 75 NY Jur 2d, Limitations and Laches, § 331, at 537 ["Laches is not available to bar a challenge to the constitutionality of an ordinance, since a public body cannot acquire a nonexistent power even though resistance to the exercise of the power is long delayed"]), but can more properly be characterized as challenging the regularity of the procedure used. On this issue, we reiterate that "[d]elay in instituting legal proceedings to enforce what one perceives to be a recognized right, particularly in the area of zoning and its allied concerns such as planning * * * can result in denial of relief because of laches" (Matter of Friends of Pine Bush v Planning Bd., 86 AD2d 246, 248, affd 59 NY2d 849). Accordingly, we conclude that Supreme Court did not err in applying the defense of laches and dismissing the petition to the extent that it sought to annul the approval of the already constructed 2,000 feet of phase two of the industrial access road.*

Finally, petitioner's argument that the action authorizing the construction of the industrial access road must be annulled because the Town Board failed to comply with the requirements of the State Environmental Quality Review Act (ECL art 8) by failing to take the requisite hard look and set forth a reasoned elaboration of the basis of its negative declaration was withdrawn at oral argument and need not be addressed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.

---

* Respondents suggest that this appeal has been rendered moot by a recent Supreme Court decision which, inter alia, annulled the 1988 reassessment of petitioner's property. We disagree, as this appeal concerns the propriety of respondents' action in approving phase two construction of the industrial access road, which is distinct from the propriety of the reassessment as decided in the recent proceeding.