■ In the Matter of ARTHUR E. CHRISTIE et al., Appellants, v PHOENICIA WATER DISTRICT et al., Respondents. [598 NYS2d 840] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Connor, J.), entered January 29, 1992 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Shandaken denying petitioners' request for the installation of water mains to serve their property.

Petitioners are property owners in the 17-lot Village Pines residential subdivision developed by petitioners Arthur E. Christie and Jeannette L. Christie in the Town of Shandaken, Ulster County. According to petitioners, the subdivision is located entirely within respondent Phoenicia Water District, an ad valorem district established in 1927. In 1987, petitioners first requested that the Water District provide water to their properties. Because the Water District regulations provide that the Water District will furnish "[o]ne service per lot * * * from the main to the curb", petitioners asserted that they were entitled to have the Water District pay for the installation of water mains and other equipment necessary to bring water service to their individual subdivision lots.

After a public hearing was held and the Town Board of respondent Town of Shandaken, which also serves as the Board of the Water District (hereinafter the Board), denied petitioners' request, petitioners brought this proceeding in which they seek, inter alia, an order compelling respondents to install water mains and provide service to the subdivision at the expense of all property owners within the district. Supreme Court dismissed the petition and petitioners appeal.

Town Law § 277, which sets out the requirements for subdivision approval, provides that before a plat can be approved "the planning board shall require" that certain improvements, among them water mains, "shall be installed all in accordance with [town specifications]" or, alternatively, that a performance bond be posted by the owner of the property (Town Law § 277 [1]). Improvements deemed unnecessary by a town may be waived (Town Law § 277 [3]); however, once a town

determines that a particular improvement is necessary, it may not waive the requirement that the owner either install the improvement or post the bond (cf., *Matter of Friends of Pine Bush v Planning Bd.,* 86 AD2d 246, 249, *affd on opn below* 59 NY2d 849 [construing a similarly worded provision of the General City Law]). The legislative intent of placing the burden of financing such improvements on the subdivision owner or developer, rather than on the entire district or municipality, is manifest.

In 1985, Town Law § 277 was amended to add an alternative by which a town may by resolution undertake at its own expense, or at the expense of an existing improvement district, to provide certain subdivision improvements (Town Law § 277 [1-a]). Significantly, in this case the Town did not pass any such resolution prior to the events at issue. Beyond that, we find petitioners' contention that regulations of the Water District constitute such a resolution unpersuasive, for the regulations were adopted in 1977, long before the enactment of the statutory change authorizing such action.

Nor do we subscribe to petitioners' argument that the Water District regulations, standing alone, require that service be provided to each lot within the subdivision, and thus that the mains required to accomplish this be provided at the expense of the Water District. To the extent that the regulations conflict with the Town Law, which mandates that the owner be required to install water service as a condition of subdivision approval, they are invalid (see, *Kamhi v Town of Yorktown,* 74 NY2d 423, 434-435).

Because we find no authority compelling respondents to provide water service to the subdivision, and significant authority suggesting a public policy of requiring the subdividing property owners to install—and bear the cost of—such improvements, the only remaining question is whether the Board's refusal to install service to the subdivision was arbitrary or capricious. A town is empowered to install water mains if it determines, after a hearing, that to do so is in the public interest (see, Town Law § 199 [3]). The record contains evidence that the expense of the construction requested by petitioners—approximately $190,000—would have imposed a substantial burden on the Water District's 390 taxpayers. This is sufficient justification for the Board's refusal to underwrite the cost of the installation.

As for petitioners' claim that, years earlier, the Water District installed water in several subdivisions at taxpayer expense and is unfairly subjecting petitioners to dissimilar

treatment, we note that there is no convincing proof in the record of the disparate treatment alleged and, furthermore, that the expense of the earlier installations—in one instance $8,500—is considerably less than would be incurred in providing water mains for petitioners' property. These installations do not present comparable circumstances and thus cannot be considered precedent which would render the Board's action arbitrary in comparison (see, Knight v Amelkin, 68 NY2d 975, 977). Petitioners' remaining claims have been considered and found to lack merit.

Mikoll, J. P., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.