Matter of 315 Ship Canal Parkway, LLC v Buffalo Urban Dev. Corp. (2022 NY Slip Op 06343)

Matter of 315 Ship Canal Parkway, LLC v Buffalo Urban Dev. Corp.

2022 NY Slip Op 06343

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

665 CA 21-01228

[*1]IN THE MATTER OF 315 SHIP CANAL PARKWAY, LLC, AND SONWIL DISTRIBUTION CENTER, INC., PETITIONERS-APPELLANTS,
v
BUFFALO URBAN DEVELOPMENT CORPORATION AND UNILAND DEVELOPMENT COMPANY, RESPONDENTS-RESPONDENTS. 

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR PETITIONERS-APPELLANTS.
HURWITZ & FINE, P.C., BUFFALO (ANDREA SCHILLACI OF COUNSEL), FOR RESPONDENT-RESPONDENT BUFFALO URBAN DEVELOPMENT CORPORATION.
WOODS OVIATT GILMAN LLP, BUFFALO (BRIAN D. GWITT OF COUNSEL), FOR RESPONDENT-RESPONDENT UNILAND DEVELOPMENT COMPANY. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Dennis E. Ward, J.), entered August 19, 2021 in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: This matter involves the sale of real property by respondent Buffalo Urban Development Corporation (BUDC) to respondent Uniland Development Company (Uniland). In December 2020, BUDC and Uniland executed a third amendment to their land sale agreement (LSA) approving the expansion of the term "Project" under the LSA to include a ground-mounted photovoltaic solar energy system in lieu of an office or warehouse. Petitioners commenced this CPLR article 78 proceeding seeking to annul BUDC's determination with respect to the LSA use modification and proposed disposition of the property. Petitioners now appeal from a judgment that dismissed their amended petition for lack of standing.
We agree with respondents that the appeal should be dismissed as moot (see generally Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 728-729 [2004]; Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 169 AD3d 1485, 1486 [4th Dept 2019]). "Litigation over construction is rendered moot when the progress of the work constitutes a change in circumstances that would prevent the court from rendering a decision that would effectively determine an actual controversy" (Sierra Club, 169 AD3d at 1486 [internal quotation marks omitted]). When evaluating claims of mootness, courts consider several factors and "[c]hief among [those factors] has been a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 173 [2002]). "Factors weighing against mootness may include whether a party proceeded in bad faith and without authority," whether "novel issues or public interests such as environmental concerns warrant continuing review," and whether "a challenged modification is readily undone, without undue hardship" (id. [internal citations omitted]). Here, petitioners never moved for a preliminary injunction, or otherwise sought to preserve the status quo, pending the outcome of the proceeding (see Citineighbors Coalition of Historic Carnegie Hill, 2 NY3d at 729; [*2]Dreikausen, 98 NY2d at 173; Sierra Club, 169 AD3d at 1486-1487; cf. Town of N. Elba v Grimditch, 131 AD3d 150, 157 [3d Dept 2015], lv denied 26 NY3d 903 [2015]), "nonfeasance that they chalk up to . . . the unlikelihood of success" (Citineighbors Coalition of Historic Carnegie Hill, 2 NY3d at 729). Moreover, Uniland has established that construction of the solar energy field, which is nearly complete, was not performed in bad faith or without authority (see id.; Sierra Club, 169 AD3d at 1487; cf. Town of N. Elba, 131 AD3d at 157), and that the work cannot readily be undone without substantial hardship (see Sierra Club, 169 AD3d at 1487). Finally, the exception to the mootness doctrine does not apply here (see Citineighbors Coalition of Historic Carnegie Hill, 2 NY3d at 730).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court