Matter of League of Women Voters of Buffalo/Niagara, Inc. v Erie Canal Harbor Dev. Corp. (2023 NY Slip Op 03579)

Matter of League of Women Voters of Buffalo/Niagara, Inc. v Erie Canal Harbor Dev. Corp.

2023 NY Slip Op 03579

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND MONTOUR, JJ.

194 CA 22-01164

[*1]IN THE MATTER OF LEAGUE OF WOMEN VOTERS OF BUFFALO/NIAGARA, INC., THE 21ST CENTURY PARK IN THE OUTER HARBOR, INC., AND THE WESTERN NEW YORK ENVIRONMENTAL ALLIANCE, INC., PETITIONERS-APPELLANTS,
v
ERIE CANAL HARBOR DEVELOPMENT CORPORATION, CITY OF BUFFALO AND CITY OF BUFFALO COMMON COUNCIL, RESPONDENTS-RESPONDENTS. 

LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
HODGSON RUSS LLP, BUFFALO (DANIEL A. SPITZER OF COUNSEL), FOR RESPONDENT-RESPONDENT ERIE CANAL HARBOR DEVELOPMENT CORPORATION. 
CAVETTE A. CHAMBERS, CORPORATION COUNSEL, BUFFALO (CARIN S. GORDON OF COUNSEL), FOR RESPONDENTS-RESPONDENTS CITY OF BUFFALO AND CITY OF BUFFALO COMMON COUNCIL. 

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 4, 2022, in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In June 2021, petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent Erie Canal Harbor Development Corporation (ECHDC) to issue a negative declaration pursuant to article 8 of the Environmental Conservation Law (State Environmental Quality Review Act [SEQRA]) with respect to a construction project, and to annul the determination of respondent City of Buffalo (City) that the project was consistent with the City's Local Waterfront Revitalization Program and the City's zoning ordinance. Petitioners did not move for preliminary injunctive relief with respect to the project. Respondents moved to dismiss the petition pursuant to CPLR 3211 and 7804 (f). Supreme Court granted the motions and dismissed the petition.
Petitioners filed a notice of appeal from the judgment on July 6, 2022, but did not seek an order from this Court enjoining construction of the project while this appeal was pending. Thereafter, in January 2023, ECHDC moved in this Court to dismiss petitioners' appeal as moot on the ground that the project is substantially complete. We denied that motion without prejudice and with leave to renew any arguments in support of or in opposition to the motion at oral argument.
Now, after oral argument, we conclude that the appeal should be dismissed as moot (see generally Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 728 [2004]). Litigation over construction is rendered moot when the progress of the work constitutes a change in circumstances that would prevent the court from " 'rendering a decision that would effectively determine an actual controversy' " (id. at 728-729; see Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 169 AD3d [*2]1485, 1486 [4th Dept 2019]). "In addition to the progress of the construction, other factors relevant to evaluating claims of mootness are whether the party challenging the construction sought injunctive relief, whether the work was undertaken without authority or in bad faith . . . , and whether substantially completed work can be undone without undue hardship" (Sierra Club, 169 AD3d at 1486 [internal quotation marks omitted]). Of the "several factors significant in evaluating claims of mootness[, c]hief among them has been a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 173 [2002]). Generally, a petitioner seeking to halt a construction project must "move for injunctive relief at each stage of the proceeding" (Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d 747, 750 [1st Dept 2012], affd 20 NY3d 919 [2012]; see Sierra Club, 169 AD3d at 1487).
Here, the evidentiary submissions in support of ECHDC's motion to dismiss the appeal as moot establish that work on the construction project began in late 2021 and is now substantially complete. Despite being aware of the construction, it is undisputed that petitioners "never moved for a preliminary injunction, or otherwise sought to preserve the status quo, pending the outcome of the proceeding" (Matter of 315 Ship Canal Parkway, LLC v Buffalo Urban Dev. Corp., 210 AD3d 1395, 1396 [4th Dept 2022]; see Citineighbors, 2 NY3d at 729; Dreikausen, 98 NY2d at 174; Sierra Club, 169 AD3d at 1487). Thus, the "primary factor in the mootness analysis" weighs heavily against petitioners (Sierra Club, 169 AD3d at 1486). Moreover, ECHDC established that the construction of the project "was not performed in bad faith or without authority" (315 Ship Canal Parkway, LLC, 210 AD3d at 1396; see Citineighbors, 2 NY3d at 729; Sierra Club, 169 AD3d at 1487). Indeed, the record establishes that respondents "performed no work until 'review pursuant to SEQRA was completed and all necessary approvals and permits were issued' " (Sierra Club, 169 AD3d at 1487). Consequently, this is not a case in which respondents "engaged in an unseemly race to completion intended to moot petitioners' lawsuit" (Citineighbors, 2 NY3d at 729). Inasmuch as the court properly determined that petitioners' challenge to the negative declaration under SEQRA is time-barred (see CPLR 217 [1]; Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 316 [2006]; Stop-The-Barge v Cahill, 1 NY3d 218, 222-223 [2003]), there is no viable cause of action upon which petitioners could legitimately claim that their environmental concerns warrant further review (see generally Matter of Dowd v Planning Bd. of Vil. of Millbrook, 54 AD3d 339, 339-340 [2d Dept 2008]; cf. Matter of Friends of Pine Bush v Planning Bd. of City of Albany, 86 AD2d 246, 248-249 [3d Dept 1982], affd 59 NY2d 849 [1983]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court