Matter of Fruehauf & Chateau Homeowners for A Clean Envt., Inc. v Town of Amherst (2025 NY Slip Op 04411)

Matter of Fruehauf & Chateau Homeowners for A Clean Envt., Inc. v Town of Amherst

2025 NY Slip Op 04411

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

570 CA 24-01401

[*1]IN THE MATTER OF FRUEHAUF AND CHATEAU HOMEOWNERS FOR A CLEAN ENVIRONMENT, INC., SAMANTHA SMITH AND MICHAEL KOZELSKY, INDIVIDUALLY AND AS CO-PRESIDENTS OF FRUEHAUF AND CHATEAU HOMEOWNERS FOR A CLEAN ENVIRONMENT, INC., JESSICA BLACK AND DIANE GORDON, PETITIONERS-APPELLANTS,
v
TOWN OF AMHERST, TOWN OF AMHERST PLANNING BOARD AND BENDERSON DEVELOPMENT COMPANY, LLC, RESPONDENTS-RESPONDENTS. 

LIPPES & LIPPES, BUFFALO (JOSHUA R. LIPPES OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
HANCOCK ESTABROOK, LLP, SYRACUSE (ERICA L. MASLER OF COUNSEL), FOR RESPONDENTS-RESPONDENTS TOWN OF AMHERST AND TOWN OF AMHERST PLANNING

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered January 16, 2024, in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended verified petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul the negative declaration issued by respondent Town of Amherst Planning Board (Planning Board) in May 2023, under the State Environmental Quality Review Act ([SEQRA] ECL art 8) with respect to the proposed redevelopment of two properties owned by respondent Benderson Development Company, LLC (Benderson) and located in respondent Town of Amherst, which included a house, garage, and driveway at 22 Chateau Terrace and a building known as the Squire Shop at 4548-4564 Main Street. The garage at 22 Chateau Terrace and the Squire Shop building were demolished in 2024. Respondents filed answers seeking dismissal of the amended petition. Following additional written submissions and oral argument, Supreme Court dismissed the amended petition. Petitioners appeal. We affirm.
Initially, we conclude that petitioners have standing as adjacent property owners concerned over increased traffic and noise, the safety of the neighborhood residents, and whether the new development is compatible with a residential neighborhood, and that their concerns fall squarely within the zone of interests to be protected by the SEQRA statute (see ECL 8-0105 [6]; Matter of Turner v County of Erie, 136 AD3d 1297, 1298 [4th Dept 2016], lv denied 27 NY3d 906 [2016]). We agree with petitioners that the demolition of the garage and the Squire Shop building does not render moot the parts of the amended petition concerning traffic, noise, safety, and design disparities. However, we agree with respondents that the demolition of those buildings "constitutes a change in circumstances that would prevent" this Court from "effectively [*2]determin[ing] an actual controversy" concerning whether those buildings should be preserved (Matter of League of Women Voters of Buffalo/Niagara, Inc. v Erie Canal Harbor Dev. Corp., 217 AD3d 1490, 1491 [4th Dept 2023] [internal quotation marks omitted], quoting Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 728-729 [2004]; see Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 169 AD3d 1485, 1486 [4th Dept 2019]). We therefore conclude that the contentions in the amended petition regarding preservation of those buildings are moot (see League of Women Voters of Buffalo/Niagara, Inc., 217 AD3d at 1491-1492).
Contrary to petitioners' contention, we conclude that the Planning Board did not violate the substantive and procedural aspects of SEQRA in issuing the negative declaration. Based on the evidence in the record before us, which establishes that the Planning Board reviewed, inter alia, the issues of historic preservation, traffic impacts, and neighborhood character, we agree with respondents that the Planning Board "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]).
Contrary to petitioners' further contention that the Planning Board violated General Municipal Law § 239-m by failing to re-refer the project to the Erie County Planning Department after changes were made to the project, we conclude that a new referral was not required here inasmuch as "the particulars of the amendment were embraced within the original referral" (Matter of Benson Point Realty Corp. v Town of E. Hampton, 62 AD3d 989, 992 [2d Dept 2009], lv dismissed 13 NY3d 788 [2009]).
Petitioners' contention concerning the alleged violation of the Historic Preservation Law of the Town of Amherst is not properly before us inasmuch as that contention is not contained in the amended petition and is now improperly raised for the first time on appeal (see Matter of Mixon v Wickett, 196 AD3d 1094, 1096 [4th Dept 2021]). Moreover, this Court has no discretionary power to reach that contention because petitioners failed to raise it at the administrative level and thus failed to exhaust their administrative remedies with respect to it (see generally Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]).
We have reviewed petitioners' remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court