OPINION OF THE COURT
 

 Memorandum.
 

 The appeal should be dismissed, with costs, as moot.
 

 On June 10, 2002, the New York City Landmarks Preservation Commission issued a certificate of appropriateness (COA) approving a proposal for 47 East 91st Street, LLC, the property owner, and Tamarkin Co., a real estate developer, to construct an eight-story building with a one-story penthouse atop an existing one-story building located on the northeast corner of Madison Avenue and East 91st Street, which is within the Carnegie Hill Historic District. The Commission issued the COA after a 2V2-year review as a consequence of which the property owner and developer twice scaled back their initial proposal. The total projected cost of the work approved by the COA was approximately $36.7 million.
 

 On July 2, 2002, petitioners commenced this CPLR article 78 proceeding to annul the COA. They did not apply for a temporary restraining order or preliminary injunction to halt the highly visible construction work by then underway at the site. Petitioners argued, as relevant on this appeal, that the Commission’s issuance of a COA was a discretionary act requiring compliance with the environmental review procedures of the State Environmental Quality Review Act (SEQRA). On January 8, 2003, Supreme Court denied the petition and dismissed the proceeding, concluding that issuance of a COA is a ministerial act exempt from SEQRA. The Appellate Division subsequently affirmed (306 AD2d 113 [1st Dept 2003]), and we granted leave to appeal (100 NY2d 514 [2003]).
 

 “Typically, the doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a deci
 
 *685
 
 sion that would effectively determine an actual controversy”
 
 (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach,
 
 98 NY2d 165, 172 [2002]). Where the change in circumstances involves a construction project, we must consider how far the work has progressed towards completion. Because a “race to completion cannot be determinative,” however, other factors bear on mootness in this context as well.
 
 (Id.)
 
 “Chief among them has been a challenger’s failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation”
 
 (Dreikausen,
 
 98 NY2d at 173). Also significant are whether work was undertaken without authority or in bad faith, and whether substantially completed work is “readily undone, without undue hardship”
 
 (id.).
 
 Further, we may elect to retain jurisdiction despite mootness if recurring novel or substantial issues are sufficiently evanescent to evade review otherwise.
 

 This construction project is substantially complete. By July 31, 2003, after more than a year of construction, the building’s steel and concrete structure, including its supporting columns and floors, had been erected; the brick facade was 100% complete; and 90% of the window frames had been installed. The property owner and developer had already spent roughly $25.7 million. Further, we cannot say that the building’s top several stories may be readily demolished without undue hardship, a remedy that petitioners suggest remains available. As the property owner and developer point out, reducing the building’s height would inevitably alter the proportion, mass and details of a design that the Commission determined would fit in with the special architectural and historic character of the district.
 

 Nor have the property owner and developer engaged in an unseemly race to completion intended to moot petitioners’ lawsuit. After obtaining the approvals necessary to commence construction—a time-consuming endeavor—the property owner and developer had every business incentive to complete the building as quickly as possible so as to profit from their investment and avoid paying interest on construction loans.
 

 Importantly, petitioners did not try to enjoin construction during this litigation’s pendency, nonfeasance that they chalk up to “monetary constraints” and the unlikelihood of success. In short, petitioners simply assumed that Supreme Court would not grant them injunctive relief or, in the alternative, would
 
 *686
 
 require an undertaking in an amount more than they could or wanted to give. Under
 
 Dreikausen,
 
 however, petitioners were required, at a minimum, to seek an injunction in the circumstances presented here. Having pursued a strategy that foisted all financial risks (other than their own legal fees and related expenses) onto the property owner and the developer, petitioners may not expect us to overlook the substantial completion of this construction project.
 

 Finally, the exception to the mootness doctrine does not apply because “[t]here is a realistic likelihood that the issues presented here will recur with an adequately developed record and with a timely opportunity for review”
 
 (.Matter of GoldGreenberger v Human Resources Admin, of City of N.Y.,
 
 77 NY2d 973, 974-975 [1991]). Specifically, those objecting to a COA on SEQRA grounds may safeguard their challenge against mootness by promptly requesting injunctive relief.
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur.
 

 Appeal dismissed, with costs, in a memorandum.