■ In the Matter of YESHIVA GEDOLAH ACADEMY OF BETH AARON SYNOGOGUE, Appellant, v CITY OF LONG BEACH et al., Respondents. 405 HOTEL, LLC, Nonparty Respondent. [988 NYS2d 242]—

In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Treasurer of the City of Long Beach to convey certain real property situated in the City of Long Beach to the petitioner/plaintiff and action pursuant to RPAPL article 15 for a judgment declaring, inter alia, that any claims to the subject real property that were adverse to that of the petitioner/plaintiff are extinguished, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered June 19, 2012, which granted the cross motion of the City of Long Beach and Marion DeRosa, as Treasurer of the City of Long Beach, to

dismiss the petition/complaint insofar as asserted against them, and dismissed the hybrid proceeding and action.

Ordered that the appeal is dismissed as academic, with one bill of costs to the City of Long Beach and Marion DeRosa, as Treasurer of the City of Long Beach, and to the nonparty 405 Hotel, LLC, appearing separately and filing separate briefs, payable by the petitioner/plaintiff.

In order to preserve the status quo pending the determination of this appeal, the petitioner/plaintiff was required to move in this Court pursuant to CPLR 5518 for a preliminary injunction pending appeal, prohibiting the development of the subject real property. Since the petitioner/plaintiff failed to do so, it failed to preserve its rights pending appellate review. In the absence of a preliminary injunction issued pursuant to CPLR 5518, nonparty 405 Hotel, LLC, purchased and redeveloped the subject property, and a hotel is now operated thereon. By virtue of this change in the underlying circumstances, this Court has been prevented "from rendering a decision that would effectively determine an actual controversy" (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 728-729 [2004] [internal quotation marks omitted]; *see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 173 [2002]; *Matter of Raab v Silverstein*, 106 AD3d 746 [2013]; *Matter of Papert v Zoning Bd. of Appeals of the Inc. Vil. of Quogue*, 98 AD3d 581, 582-583 [2012]; *Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals*, 95 AD3d 1475, 1477 [2012]).

Accordingly, the appeal must be dismissed on the ground that it has been rendered academic, and we do not address the merits of the petitioner/plaintiff's contentions. Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.