█ In the Matter of LILLY PAD, LLC, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF EAST HAMPTON et al., Respondents. [24 NYS3d 910]—In a proceeding pursuant to CPLR article 78 to review two determinations of the Zoning Board of Appeals of the Village of East Hampton dated September 28, 2012, and October 12, 2012, respectively, which, after a hearing, granted the application of Sheri Kersch-Schultz Residence Trust No. 1 and Howard D. Schultz Residence Trust No. 1 to construct an addition to a residence on certain real property, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Leis III, J.), dated July 2, 2013, which granted that branch of the motion of Sheri Kersch-Schultz Residence Trust No. 1 and Howard D. Schultz Residence Trust No. 1, and that branch of the cross motion of the Zoning Board of Appeals of the Village of East Hampton, which were to dismiss the petition pursuant to CPLR 3211 (a) and CPLR 7804 (f) on the ground of collateral estoppel and, in effect, dismissed the proceeding.

Motion by Sheri Kersch-Schultz Residence Trust No. 1 and Howard D. Schultz Residence Trust No. 1, inter alia, to dismiss the appeal on the ground that the appeal has been rendered academic or based on the doctrine of laches. By decision and order on motion of this Court dated January 14, 2015, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal is granted; and it is further,

Ordered that the appeal is dismissed, without costs or disbursements.

The petitioner failed to timely move in the Supreme Court for a preliminary injunction to preserve the status quo during the pendency of this litigation. Therefore, it failed to preserve its rights pending judicial review of the determinations at issue. It is undisputed that the subject construction has been completed. Accordingly, the appeal must be dismissed (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 729-730

[2004]; *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 173 [2002]; *Matter of Papert v Zoning Bd. of Appeals of the Inc. Vil. of Quogue*, 98 AD3d 581, 582 [2012]). Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.