■ In the Matter of PETER BRUENN et al., Appellants, v TOWN BOARD OF TOWN OF KENT et al., Respondents. [43 NYS3d 488]—

---

In a hybrid proceeding pursuant to CPLR article 78 to review two resolutions of the Town Board of the Town of Kent, both dated April 16, 2013, authorizing the construction and operation of a 150-foot monopole wireless communications tower, and action, inter alia, for a judgment declaring that the resolutions are null and void, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Putnam County (Lubell, J.), dated June 13, 2014, which, among other things, denied the petition, dismissed the proceeding, and declared that the

resolutions are not null and void. Motion by the respondent Homeland Towers, LLC, to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated September 14, 2015, the motion was held in abeyance and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, and the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion to dismiss the appeal is granted; and it is further,

Ordered that the appeal is dismissed as academic, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding pursuant to CPLR article 78 to review two resolutions of the Town Board of the Town of Kent, both dated April 16, 2013, authorizing the construction and operation of a 150-foot monopole wireless communications tower, and action, inter alia, for a judgment declaring that the resolutions are null and void. In a judgment dated June 13, 2014, the Supreme Court, among other things, denied the petition, dismissed the proceeding, and declared that the resolutions are not null and void. The petitioners appeal. The defendant/respondent Homeland Towers, LLC (hereinafter Homeland), moves to dismiss the appeal on the ground that the appeal has been rendered academic by the completion of the tower.

" 'Typically, the doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy.' Where the change in circumstances involves a construction project, we must consider how far the work has progressed towards completion" (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 728-729 [2004], quoting *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172 [2002]). "Because a 'race to completion cannot be determinative,' however, other factors bear on mootness in this context as well. 'Chief among them has been a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation' " (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New*

*York City Landmarks Preserv. Commn.*, 2 NY3d at 729 [citation omitted], quoting *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 173). "Also significant are whether work was undertaken without authority or in bad faith, and whether substantially completed work is 'readily undone, without undue hardship.' Further, [courts] may elect to retain jurisdiction despite mootness if recurring novel or substantial issues are sufficiently evanescent to evade review otherwise" (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729 [citation omitted], quoting *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 173).

Here, it is undisputed that the petitioners never moved in this Court pursuant to CPLR 5518 for a preliminary injunction pending appeal (*see Matter of Yeshiva Gedolah Academy of Beth Aaron Synogogue v City of Long Beach*, 118 AD3d 901, 902 [2014]; *Matter of Molloy v Fraser*, 74 AD3d 1207, 1208 [2010]). The petitioners' explanation that they did not do so because of monetary constraints is unavailing under the circumstances of this case (*see Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729-730). Further, Homeland established that the construction of the tower was not performed in bad faith or without authority, that the work could not be readily undone without substantial hardship, and that this appeal does not present any recurring novel or substantial issues that are sufficiently evanescent to evade review otherwise (*see id.* at 729; *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 172-173).

Accordingly, Homeland's motion to dismiss the appeal should be granted and the appeal dismissed as academic. Balkin, J.P., Dickerson, LaSalle and Connolly, JJ., concur.