■ In the Matter of TOWN OF MT. PLEASANT, Petitioner, v COLLEEN DELANEY et al., Respondents. [53 NYS3d 340]—

Proceeding pursuant to CPLR article 78 to review a determination of Kerry A. Delaney, the Acting Commissioner of the New York State Office for People with Developmental Disabilities, dated August 15, 2014, which, after a hearing, rejected the petitioner's objection to the establishment of a community residential facility for the disabled in the Town of Mt. Pleasant. Motion by the respondent Ferncliff Manor, Inc., inter alia, to dismiss the proceeding on the ground that it has been rendered academic. By decision and order on motion of this Court dated December 30, 2016, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the proceeding for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the proceeding, it is

Ordered that the branch of the motion which is to dismiss the proceeding as academic is granted; and it is further,

Adjudged that the proceeding is dismissed as academic, with

one bill of costs to the respondents appearing separately and filing separate briefs.

Upon receiving notice of the intent of the respondent Ferncliff Manor, Inc. (hereinafter Ferncliff), to establish a community residential facility for six developmentally disabled adults on Bear Ridge Road in Pleasantville, the petitioner objected to the location of the facility upon the ground that there was a disproportionate number, and an oversaturation, of such facilities within the Town of Mt. Pleasant, and based upon safety concerns. After a site selection hearing, the respondent Kerry A. Delaney, the Acting Commissioner of the New York State Office for People with Developmental Disabilities (hereinafter the Commissioner), rejected the petitioner's objection. The petitioner commenced this CPLR article 78 proceeding to review the Commissioner's determination. By order dated December 5, 2014, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7803 (4).

By notice of motion dated October 27, 2016, Ferncliff moved, inter alia, to dismiss this proceeding on the ground that it had been rendered academic since the community residential facility had opened at the proposed site in September 2016.

"Typically, the doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (*Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172 [2002]; *see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d 727, 728-729 [2004]). "Where the change in circumstances involves a construction project, we must consider how far the work has progressed towards completion. Because a 'race to completion cannot be determinative,' however, other factors bear on mootness in this context as well. 'Chief among them has been a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation' " (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729, quoting *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 172, 173). "Also significant are whether work was undertaken without authority or in bad faith, and whether substantially completed work is 'readily undone, without undue hardship' " (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729, quoting *Matter of Dreikausen v Zoning Bd. of Appeals of City of*

*Long Beach*, 98 NY2d at 173). Furthermore, a court "may elect to retain jurisdiction despite mootness if recurring novel or substantial issues are sufficiently evanescent to evade review otherwise" (*Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729; *see Matter of Bruenn v Town Bd. of Town of Kent*, 145 AD3d 878 [2016]).

Here, it is undisputed that the petitioner never moved for a preliminary injunction, or otherwise sought to preserve the status quo, pending the outcome of the proceeding (*see Matter of Yeshiva Gedolah Academy of Beth Aaron Synogogue v City of Long Beach*, 118 AD3d 901, 902 [2014]; *Matter of Molloy v Fraser*, 74 AD3d 1207, 1208 [2010]). Moreover, Ferncliff established that the purchase and construction of the community residential facility were not performed in bad faith or without authority, that the work could not readily be undone without substantial hardship (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 728-730; *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 172-173), that Ferncliff and the residents of the facility would suffer substantial prejudice if the petitioner prevailed (*see Matter of Papert v Zoning Bd. of Appeals of the Inc. Vil. of Quogue*, 98 AD3d 581, 582 [2012]; *Matter of Sherman v Planning Bd. of Vil. of Scarsdale*, 82 AD3d 899, 900 [2011]), and that this proceeding does not present any recurring novel or substantial issues that are sufficiently evanescent to evade review otherwise (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.*, 2 NY3d at 729; *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d at 172-173).

Accordingly, we grant that branch of Ferncliff's motion which was to dismiss the proceeding, and dismiss the proceeding as academic. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.