Matter of Save Gansevoort, LLC v City of New York (2018 NY Slip Op 01021)





Matter of Save Gansevoort, LLC v City of New York


2018 NY Slip Op 01021


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Acosta, P.J., Sweeny, Gische, Andrias, JJ.


5478 158482/16

[*1]In re Save Gansevoort, LLC, et al., Petitioners-Appellants,
v
City of New York, et al. Respondents-Respondents.


Hiller, PC, New York (Michael S. Hiller of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for City of New York, the New York City Landmarks Preservation Commission and Meenakashi Srinivasan, respondents.
Fox Rothschild LLP, New York (Karen Binder of counsel), for 60-74 Gansevoort Street, LLC, respondent.



Judgment (denominated decision and order), Supreme Court, New York County (Joan B. Lobis, J.), entered March 27, 2017, denying the petition to annul a certificate of appropriateness issued by respondent New York City Landmarks Preservation Commission (the Commission), dated January 17, 2017, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners in this article 78 proceeding contend that there is no rational basis for the Commission's approval of respondent 60-74 Gansevoort Street's (developer) application to perform work on buildings located within the Gansevoort Market Historic District. Petitioners claim that the Commission, by issuing a certificate of appropriateness (COA), permitting the alteration of one building and proposed demolition and replacement of another building, has effectively rescinded the district's landmark status under the guise of a COA. We find that there is ample evidence to support the Commission's determination, and since it is rationally based, we affirm Supreme Court's dismissal of the petition.
The two buildings at issue in this appeal are within the Gansevoort Market Historic District, so designated by the Commission in 2003 [FN1]. Such a designation means that the district contains improvements that have a "special character or special historical or aesthetic interest or value" (Administrative Code of City of NY § 25-302[h]) (Landmarks Law). Permission is required to alter, reconstruct or demolish any of the improvements encompassed by the district (Landmarks Law § 25-305[a][1]). At issue in this proceeding are proposals submitted by the developer to add three stories to 60-68 Gansevoort Street (60-68), a two-story building, and to demolish a one-story "no-style" building located at 70-74 Gansevoort Street (70-74) and replace it with a six-story building.
The Commission held a public hearing in November 2015, at which time the Commission heard the objections raised by petitioners, and received testimony and comments by others in attendance, including businesses and individuals. Some of these comments and testimony were in favor of the proposal and some were against it. The Commission also received some 800 [*2]written comments, again some in favor of and some against the proposal. At a second meeting, held in February 2016, the developer called in experts to respond to public comments regarding the proposed buildings. Members of the Commission presented their opinions and concerns regarding the proposal, making specific recommendations as to how the structures should be designed, including a reduction in the height of 60-68.
At a subsequent meeting, held in June 2016, the developer presented a revised proposal, taking into account the recommendations that had been made by the Commission at the February 2016 meeting. The Commission approved the developer's revised proposal, determining that the alteration of 60-68 and the proposal for the 70-74 building that would be built were consistent with and in keeping with the style, height and design of other buildings in the area. Petitioner's appeal challenges the Commission's COA.
Pursuant to title 25 of the Landmarks Law, the Commission has the power to approve changes to buildings within a historic district by issuing a COA. Landmarks Law § 25-307(b)(2) sets forth nine factors that the Commission "shall" consider in determining whether an application for a permit to construct, reconstruct, alter or demolish any structure in an historic district should be granted. These factors include the structure's aesthetic, historical and architectural values and significance, and its architectural style, design, arrangement, texture, material and color. In sum, this means the Commission must consider the effect of the proposed work and the relationship between the results of the work and the exterior architectural features of neighboring improvements in such district (Landmarks Law § 25-307[b][1][a], [b]; see e.g. Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 306 AD2d 113, 114 [1st Dept 2003], appeal dismissed 2 NY3d 727 [2004]). Although each of the nine factors was not expressly enumerated in the Commission's final approval, the extensive proceedings and record developed before the Commission make it clear the factors were considered as part of the entire deliberative process undertaken by it. The Commission did not simply issue a COA based on the fact that one of the buildings was designated "no style" in the original landmark designation report, but in consideration of the factors, it required the developer to modify its original proposal. The weight to be given any particular factor is within the discretion of the Commission.
In reviewing the Commission's actions, a court's review is limited to whether the Commission's determination has a "rational basis" (Matter of Committee to Save Beacon Theater v City of New York, 146 AD2d 397, 405 [1st Dept 1989]). This is an "extremely deferential" standard of review (Matter of Beck-Nichols v Bianco, 20 NY3d 540, 559 [2013], citing Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Although such deference does not apply in circumstances where a matter of pure legal interpretation is involved (see Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York, 82 NY2d 35, 42 [1993]), here the historical and/or aesthetic interest of the buildings is implicated. Given those circumstances, Supreme Court correctly accorded due deference to the Commission's expertise (see Stahl York Ave. Co. v City of New York, 76 AD3d 290, 295 [1st Dept 2010], lv denied 15 NY3d 714 [2010]; Matter of Teachers Ins. & Annuity Assn., 82 NY2d at 41-42).
Contrary to petitioners' argument, Supreme Court did not apply a heightened or insurmountable standard of review (see Beck-Nichols v Bianco, 20 NY3d at 559). The court took into account the extensive commentary period involved in vetting the developer's proposal, the original report designating the Gansevoort area a historic district, and the fact that the developer was responsive to recommendations on how its proposal should be revised to address the concerns raised, not only by the public but members of the Commission itself. Only after the developer presented a suitably tailored proposal did the Commission issue a COA for alteration and demolition. By doing so, the Commission properly considered the architectural, historical, and other factors relevant to the proposal as a whole in light of the historic designation it conferred on the district in 2003, and its decision to issue a COA for the proposed work was "the result of reasoned deliberation" (Citineighbors, 306 AD3d at 114). In doing so, the Commission acted rationally.
We also reject petitioner's argument that the Commission's actions were a de facto repeal [*3]of the district's landmark designation. The approval pertained to two buildings out of 104 in the district and was made with due regard for the historical and architectural styles in the district.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK



Footnotes

Footnote 1:The district, which consists of 104 buildings, most dating from the 1840s to the 1940s, was a bustling marketplace. Its boundaries are West 14th Street to the north, Gansevoort Street to the south, Hudson Street to the east, and 10th Avenue to the west.