Matter of Committee for Environmentally Sound Dev. v Amsterdam Ave. Redevelopment Assoc. LLC (2021 NY Slip Op 01228)





Matter of Committee for Environmentally Sound Dev. v Amsterdam Ave. Redevelopment Assoc. LLC


2021 NY Slip Op 01228


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick
Angela M. Mazzarelli Anil C. Singh Tanya R. Kennedy


Index No. 157273/19 Appeal No. 12658 Case No. 2020/01872 

[*1]In the Matter of Committee for Environmentally Sound Development et al., Petitioners-Respondents,
v
Amsterdam Avenue Redevelopment Associates LLC, et al., Respondents-Appellants. New York Building Congress, Inc., Amicus Curiae.



Petitioners appeal from the order and judgment (one paper) of the Supreme Court, New York County (W. Franc Perry, J.), entered February 27, 2020, annulling the resolution of the BSA, dated June 25, 2019, which upheld the issuance of a building permit by the DOB, revoking the permit, and ordering Amsterdam to remove floors built in excess of the allowable bulk.




Selendy & Gay PLLC, New York (Caitlin J. Halligan, Michael P. Duke and Ryan W. Allison of counsel), for Amsterdam Avenue Redevelopment Associates LLC, appellant.
Herrick, Feinstein LLP, New York (Scott E. Mollen and Ross L. Hirsch of counsel), for Amsterdam Avenue Redevelopment Associates LLC, for appellant.
Kramer Levin Naftalis & Frankel LLP, New York (Paul D. Selver and James P. Power of counsel), for Amsterdam Avenue Redevelopment Associates LLC, appellant.
James E. Johnson, Corporation Counsel, New York (Barbara Graves-Poller, Richard Dearing, Claude S. Platton and Eric Lee of counsel), for New York City Board of Standards and Appeals and New York City Department of Buildings, appellants.
Emery Celli Brinckerhoff Abady Ward & Maazel LLP, New York (Richard D. Emery, Katherine Rosenfeld and Samuel Shapiro of counsel), and Charles Weinstock, Brooklyn, for respondents.
Zetlin & De Chiara LLP, New York (Michael S. Zetlin and Max Rayetsky of counsel), for amicus curiae.



SINGH, J. 


We are asked on this appeal to decide whether it was proper for Supreme Court to annul the determination by respondent Board of Standards and Appeals (BSA) to approve a new 55-story condominium building at 200 Amsterdam Avenue (the building) on the Upper West Side of Manhattan, and for Supreme Court to direct the demolition of an unspecified number of floors from the building. We find that the relevant zoning provision, Zoning Resolution (ZR) 12-10(d), is ambiguous. The BSA rationally interpreted the resolution to allow respondent Amsterdam Avenue Redevelopment Associates LLC (Amsterdam) to include partial tax lots in its declared zoning lot based on respondent New York City Department of Buildings' (DOB) longstanding interpretation of the zoning resolution. Supreme Court should have deferred to the BSA's rational interpretation.
Moreover, we find that this proceeding is moot because the building is substantially completed and petitioners, the Committee of Environmentally Sound Development and the Municipal Art Society of New York (petitioners) failed to exercise continued due diligence to halt the project by not seeking injunctive relief at every stage of this protracted litigation.
History and Prior Proceedings Surrounding the Building
The lot at issue was originally part of a single parcel of land, which in the 1960s consisted of five buildings built along West End Avenue. In 1987, the DOB approved a subdivision into "two separate parcels that included partial tax lots," and, subsequently, two mergers with four other tax lots. In 2015, the DOB approved another zoning lot subdivision, creating two new [*2]zoning lots, both of which contained partial tax lots, and filed a declaration with the City Register. The pertinent subdivided zoning lot includes the improved land at 200 West End Avenue, the unimproved land at 200 Amsterdam Avenue, and portions of four other tax lots.
Amsterdam purchased 200 Amsterdam Avenue on October 15, 2015 and applied for a building permit with the DOB on September 27, 2016. The DOB issued initial approval of the full building permit application on May 9, 2017. On May 15, 2017, petitioners brought a zoning challenge to the DOB. The DOB issued a notice to revoke in June 2017, and in July 2017 directed an audit concerning the inclusion of partial tax lots. On September 27, 2017, the DOB reissued the building permit. Construction of the building began on or about October 5, 2017.
On October 27, 2017, petitioners appealed the permit issuance to the BSA, arguing, inter alia, that the zoning lot did not comply with the definition in ZR 12-10 (d) due to its inclusion of partial tax lots (2017 BSA appeal). In response, the DOB requested that its 2017 decision to issue the permit be affirmed, given the history of the lot and surrounding properties, all of which include partial tax lots. It first explained that its longstanding interpretation of ZR 12-10(d), adopted by the City Planning Commission (CPC) on or about July 13, 1977 as an amendment to the definition, reads in relevant part:
A "zoning lot" is . . . (d) a tract of land, either unsubdivided or consisting of two or more lots of record contiguous for a minimum of ten linear feet, located within a single block, which at the time of filing for a building permit ... is declared to be a tract of land to be treated as one zoning lot for the purposes of this resolution.
(ZR 12-10[d]). Language following subsections (a)-(d), dating to the 1961 adoption of the original definition, provides: "A zoning lot, therefore, may or may not coincide with a lot as shown on the official tax map of the City of New York, or on any recorded subdivision plat or deed" (ZR 12-10). The terms "tract of land," "unsubdivided," and "lot of record" are not defined. Once a tract of land is treated as a single zoning lot, "the maximum bulk of a building permissible under the zoning resolution is calculated on the basis of the merged zoning lot" (Macmillan, Inc. v CF Lex Assoc., 56 NY2d 386, 390 [1982]).
The DOB also discussed the 1978 memorandum by the DOB's then-acting commissioner, Irving E. Minkin, P.E. (Minkin Memo). The Minkin Memo set forth guidance and procedures to implement the requirements of ZR 12-10(d), and clarified that the amendment applied to:
"an applicant for new developments or enlargements who desires to permit the use of a tract of land within a single block as a single zoning lot, which may consist of one or more tax lots or parts of tax lots, as shown on the official tax map whether in common ownership or not []."
(emphasis added). The DOB noted that the allowance for partial tax [*3]lots "appeared to be supported by th[is] additional text," stating that a zoning lot "may or may not coincide with" tax lots. It also stated that the concept of zoning lots did not exist prior to December 15, 1961, "and since the zoning lot definition adopted on that date defined a zoning lot as a 'lot of record' . . . it is apparent that the term 'lot of record' could not have referred to zoning lots," but, rather, tax lots. It further asserted that there was a draft bulletin in process that would "supersede the Minkin Memo," but it had "not yet rescinded the Minkin Memo."
A public hearing was held on March 27, 2018 concerning the 2017 BSA appeal. While a decision in the 2017 BSA appeal was pending, on April 25, 2018, petitioners commenced an action in Supreme Court seeking a declaration that the zoning lot was improperly formed and a temporary restraining order and preliminary injunction to stop construction (2018 Supreme Court action). By so-ordered stipulation dated May 9, 2018, the parties agreed that petitioners' motion for a temporary restraining order and preliminary injunction would be held in abeyance. Specifically, the stipulation stated that
"[Amsterdam] agrees that it will not rely on any progress in construction or development at the Site during the Time Period, or on any expenditures it makes in connection with the Site during the Time Period, to support any argument that the Owner is entitled to continue or complete construction at the Site. This would include any arguments the Owner may assert relating to . . . mootness."
The stipulation defined the "Time Period" as
"The period between May 1, 2018 and either (a) ten days after the filing by the [BSA] in its office of the resolution setting forth the [2017] BSA's decision disposing of [this case] or (b) the completion of the foundation at [the building], whichever of (a) or (b) is earlier."
Construction of the building was not halted during this time.
Meanwhile, in the 2017 BSA appeal, the DOB sent another letter in support of upholding the building permit. The DOB referenced previous BSA findings that a "longstanding plausible interpretation" and "substantial reliance by the property owner on that interpretation" should be upheld, "notwithstanding the fundamental validity of DOB's current interpretation." A second public hearing was held on June 5, 2018.
On July 17, 2018, the BSA commissioners voted to deny petitioners' 2017 BSA appeal and uphold the permit issuance, three-to-one, and issued a resolution to that effect on September 7, 2018. The building foundation was completed on September 13, 2018. In accordance with the stipulation, petitioners were promptly notified as to the progress of construction.
On September 27, 2018, petitioners and Amsterdam agreed to extend the May 9, 2018 stipulation to hold petitioners' motion for a temporary restraining order and preliminary injunction in abeyance through the date of entry of an order or judgment in the 2018 Supreme Court action[*4], but only if petitioners filed an amended pleading by October 8, 2018.
On October 9, 2018, petitioners filed a verified petition and amended complaint in Supreme Court, challenging the 2017 BSA's determination. On March 14, 2019, Supreme Court granted the petition, vacated the 2017 BSA determination and remanded the matter to the BSA for review of the building permit approval "in accordance with the plain language of the ZR." Critically, no injunction was issued, and the court explicitly stated that "[a]ny requested relief not expressly addressed by the Court has nonetheless been considered and is hereby denied." As of March 14, 2019, the building had been completed for 22 floors, with the curtainwall up to the 7th floor.
In April 2019, petitioners moved for a preliminary injunction to halt construction pending a new determination by the BSA (2019 motion for injunctive relief). After hearing oral argument on April 30, 2019, Supreme Court denied the motion, "permitting the construction to continue until the BSA's resolution is finalized." At this juncture, the building had been completed up to the 26th floor and the curtainwall had been installed up to the 13th floor. Significantly, while petitioners filed a notice of appeal from Supreme Court's order on May 21, 2019, and Amsterdam twice agreed to extend petitioners' deadline to perfect, petitioners abandoned their appeal of the order denying the April 2019 motion for injunctive relief.
The BSA passed a second resolution on June 25, 2019, upholding the DOB's permit (2019 BSA resolution). It found that "no categorical rule appears in the provisions of the Zoning Resolution that a 'tract of land' need be a complete tax lot." It held that petitioners' interpretation "would render the . . . specific statement about 'lots on any recorded subdivision plat or deed' wholly redundant because the only 'lots of record' would be the previously described 'lot as shown on the official tax map.'" It reasoned that "'lots of record' must be an umbrella category" that does not exclude other recorded lots. The BSA also held that the lot qualified as "unsubdivided," given the recorded documents describing it as a single tract of land, and also a tract consisting of two or more lots of record based on "documents and maps recorded" with the City Registrar.
The BSA also noted that it had heard testimony concerning the DOB's uncertainty as to whether it would issue the draft bulletin superseding the Minkin Memo, saying it "may not see the light of day." The BSA found the Minkin Memo "consistent with the 'zoning lot' definition," and did not credit petitioners' position that the Minkin Memo "set[] forth an 'incorrect' interpretation, rather than an alternative interpretation equally supported by a plain reading of the text." It then noted that 28 certificates of occupancy had been issued on the same block, "certifying that parcels of land that include partial tax lots comply with applicable zoning requirements." In sum[*5], the BSA found that the lot was "either unsubdivided or consisting of two or more lots of record," and again upheld the DOB's permit.
The Article 78 Proceeding
Petitioners commenced this proceeding on July 24, 2019, seeking an order annulling the BSA's 2019 resolution as arbitrary and capricious, and affected by an error of law; revoking the DOB permit; declaring that Amsterdam's zoning lot is void, can only consist of the tax lot on which the building was being constructed, and the building exceeds the maximum floor space allowed; an injunction halting further construction, and directing the removal of portions of the building that exceed the allowable bulk of 17-to-20 floors; and costs and attorneys' fees. Petitioners argue that the BSA incorrectly based its determination on the fact that Amsterdam had recorded the rezoning, since Supreme Court had already rejected that reasoning.
In an affidavit accompanying its answer, Amsterdam asserts, inter alia, that as of September 5, 2019 the building was substantially complete. The superstructure was now 53 floors and the curtainwall was installed through the 32nd floor. Amsterdam also notes 34 other instances of approved zoning lots containing partial tax lots. The BSA and the DOB, in their answer, assert that the BSA's decision was rational, supported by the record, and entitled to deference.
By letter dated October 17, 2019, petitioners notified Supreme Court that Amsterdam was advertising condos for sale and requested that Supreme Court move up oral argument because they were "concerned" that if their petition was granted, "it will become more difficult to obtain the necessary relief — the removal of the offending top floors."
Supreme Court granted the petition and entered judgment for petitioners on February 27, 2020. First, the court explained that it found BSA's reliance on the Minkin Memo unreasonable because the DOB had clarified that it found the old interpretation to be incorrect and planned to supersede it by a bulletin that was already drafted. The court wrote that the DOB had "the authority to declare what the Zoning Resolution means and BSA has the authority to determine if DOB's interpretation is correct," but that the BSA "balked in its duty" because it "premised" its decision solely "on the fact that the Minkin Memo had not yet been superseded." The court also faulted the BSA for failing to give the DOB's new interpretation retroactive effect, in light of the court's holding in the 2018 Supreme Court action.
Second, Supreme Court held that ZR 12-10(d) does not, in fact, allow for the formation of zoning lots using partial tax lots, based on its "plain language." It stated that for the BSA to find otherwise "violates the public policy of transparency imbued in the zoning rules and regulations which are intended to provide proper notice and protection to the public to avoid unwarranted confusion and promote clarity . . . to further the City's interest in ensuring zoning compliance[*6]."
Third, Supreme Court rejected Amsterdam's contention that its completion of the project could prevent an injustice, since a wrongfully issued building permit did not vest it with any rights. The court also assumed that Amsterdam completed much of the construction before the judgment in the 2018 action and thus found that it had waived its right to raise mootness.
Finally, the court vacated the BSA's 2019 determination, directed the DOB to revoke the building permit, ordered Amsterdam to remove floors exceeding the bulk allowance, and awarded costs and attorneys' fees to petitioners.[FN1]
Amsterdam, DOB and the BSA appeal. We now reverse and dismiss this proceeding.
The BSA rationally interpreted the ZR's undefined and technical terms and its interpretation should have received deference.
"Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute" (Matter of Peyton v New York City Bd. of Stds. & Appeals, -NY3d-, 2020 NY Slip Op 07662, *3 [2020] [internal quotation marks and citation omitted]). Here, the BSA is the "ultimate administrative authority charged with enforcing the Zoning Resolution" (Matter of Toys R Us v Silva, 89 NY2d 411, 418 [1996]), and is "comprised of experts in land use and planning, who not only possess technical knowledge of New York City's reticulated zoning regulations and their operation in practice, but also are uniquely equipped to assess the practical implications of zoning determinations affecting the City's eight million residents" (Peyton, 2020 NY Slip Op 07662, *3). Courts have"consistently deferred to the BSA's interpretation of the Zoning Resolution in matters relating to its expertise, 'so long as the interpretation is neither irrational, unreasonable nor inconsistent with the governing statute'" (Peyton, 2020 NY Slip Op 07662, *3, quoting Toys R Us, 89 NY2d at 418-419).
We find that the law is "not entirely clear and unambiguous when read as a whole," as it contains undefined technical terms and is capable of conflicting interpretations (Matter of Skyhigh Murals-Colossal Media Inc. v Board of Stds. & Appeals of the City of N.Y., 162 AD3d 446, 447 [1st Dept 2018], lv denied 32 NY3d 907 [2018]; see also Matter of Chin v New York City Bd. of Stds. & Appeals, 97 AD3d 485, 487 [1st Dept 2012], lv denied 19 NY3d 815 [2012]). In addition to not defining "lot of record" and "unsubdivided," nothing in the language of subsection (d) requires that a tract of land be comprised of "entire" lots of record — whether they be tax lots, recorded plats or deeds, or some other recorded interest. Thus, we defer to the BSA's interpretation since it involved "special expertise in a particular field to interpret statutory language," and its decision was not "counter [*7]to the clear wording" of ZR 12-10(d) (Peyton, 2020 NY Slip Op 07662, *3). We also find Supreme Court erred in conducting de novo review of the BSA's determination, as the statute contained undefined and technical terms with conflicting interpretations, and we defer to the BSA's interpretation when it is reasonable, as is the case here.
The BSA's interpretation of the relevant subdivision was "neither irrational, unreasonable nor inconsistent with the governing statutes" (Matter of Parkway Vil. Equities Corp. v Board of Stds. & Appeals of City of N.Y., 279 AD2d 299, 299 [1st Dept 2001], lv denied 96 NY2d 711 [2001] [internal quotation marks omitted]; see Matter of Toys R Us v Silva, 89 NY2d at 418 ["The BSA, comprised of five experts in land use and planning, is the ultimate administrative authority charged with enforcing the Zoning Resolution"]; see also NY City Charter § 666). It rationally interpreted the resolution and properly considered Amsterdam's reliance on the DOB's longstanding Minkin Memo and the history of the block, as several other buildings on the block were issued certificates of occupancy, even though they also include partial tax lots. "When an agency adopts a construction which is then followed for 'a long period of time,' such interpretation 'is entitled to great weight and may not be ignored'" (Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 174-175 [2019] [citation omitted]).
We also reject the argument that the text and legislative history surrounding ZR 12-10(d) supports petitioners' position. To the contrary, the statute does not expressly prohibit the use of partial tax lots and does not provide explicit guidance about whether partial tax lots may be included in a zoning lot. Nor does it refer to "complete," "whole" or "entire" tax lots. The statute states that zoning lots "may or may not coincide" with tax lot lines and it can reasonably be interpreted to mean that zoning lots need not adhere to tax-lot boundaries at all.
The BSA was not required to follow the DOB's then-proposed bulletin, the final version of which expressly affirms that it does not apply retroactively. In any event, Amsterdam did not have "forewarning" that the DOB would change its interpretation when it filed for a building permit, but only found out after it was issued (see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 376 [2020] ["whether a retroactive statute comports with due process principles is a 'question of degree' that turns on the length of the retroactivity period"]). Indeed, imposing the change retroactively would depart from the DOB's prior approvals of zoning lots containing partial tax lots, on which Amsterdam relied, and it would impose a substantial hardship by requiring extensive demolition (see Matter of Hilton Hotels Corp. v Commissioner of Fin. of City of N.Y., 219 AD2d 470, 477 [1st Dept 1995]).
This proceeding is moot as the building is substantially complete and petitioners [*8]failed to seek injunctive relief at every step.
"[T]he doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]). In the construction context, "several factors [are] significant in evaluating claims of mootness[,] [c]hief among them [being] a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation" (id. at 173).
The stipulation clearly provides that Amsterdam will not rely on the progress of the construction for the time period defined by its terms. That stipulation was extended to "the entry of an order or judgment in this action that determines plaintiffs' claims for setting aside and vacating the BSA Resolution." Supreme Court granted the petition, vacating the 2017 BSA determination on March 14, 2019.
While petitioners moved for injunctive relief in April 2019, Supreme Court denied the motion and permitted "the construction to continue until the BSA's resolution is finalized." Significantly, although petitioners filed a notice of appeal from this decision on May 21, 2019, and Amsterdam twice agreed to extend petitioners' deadline to perfect, petitioners abandoned their appeal of the order denying their April 2019 motion for injunctive relief. Petitioners failed to pursue their appellate remedies, and the building was substantially completed. It is undisputed that Amsterdam spent an additional $50 million in construction costs, of the $500 million spent in total. The building had risen 53 floors with the curtainwall installed through the 32nd floor. Accordingly, we find petitioners did not "move for injunctive relief at each stage of the proceeding" (see Matter of Weeks Woodlands Assn., Inc. v Dormitory Auth. of the State of N.Y., 95 AD3d 747, 750 [1st Dept 2012], affd 20 NY3d 919 [2012]).
Petitioners argue that Amsterdam waived its right to assert mootness by stipulation, raise judicial and equitable estoppel, and assert that Amsterdam was forewarned that the DOB was changing its interpretation, which they allege applies retroactively. However, other factors weigh in Amsterdam's favor. Amsterdam did not proceed "in bad faith and without authority" (Matter of Dreikausen, 98 NY2d at 173). Instead, it performed construction under a building permit based on the DOB's original interpretation that the DOB had continually asked to be upheld, and it had "every business incentive to complete the building as quickly as possible" (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729 [2004]). Additionally, given that the building is substantially complete, "the work [ ] could not be readily undone without undue hardship" (Matter of Weeks Woodlands, 95 AD3d at [*9]747; see also Matter of Citineighbors Coalition, 2 NY3d at 729, 730). Further, contrary to petitioners' assertion, Amsterdam is correct that the complete tax lot issue is not likely to recur, since the DOB's new bulletin limits its application prospectively (see Matter of Citineighbors Coalition, 2 NY3d at 729).
Amsterdam did not waive mootness by stipulation or "assert[] a right after having led [petitioners] to form the reasonable belief that the right would not be asserted" (Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006]). Indeed, when asking Supreme Court for an earlier date for oral argument, petitioners expressly recognized that a delayed resolution in court would make it "more difficult" to require Amsterdam to remove the top floors, a clear reference to mootness. Nor did Amsterdam take conflicting positions in litigation (compare Horvath v Gumley Haft Kleier Inc., 148 AD3d 437, 437 [1st Dept 2017]; see also Connery v Sultan, 145 AD3d 458, 459 [1st Dept 2016], lv dismissed 29 NY3d 1072 [2017]). When arguing against a temporary restraining order in the 2018 Supreme Court action, Amsterdam's counsel asserted that petitioners "have the right to answer a mootness argument by pointing out, like the Court of Appeals said in the [Dreikausen] decision, that [they] timely sought injunctive relief." Nonetheless, petitioners failed to pursue injunctive relief after Supreme Court denied the motion in April 2019. The building is now substantially complete and the proceeding is moot.
We have considered petitioners' remaining arguments and find them unavailing.
Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (W. Franc Perry, J.), entered February 27, 2020, annulling the resolution of the BSA, dated June 25, 2019, which upheld the issuance of a building permit by the DOB, revoking the permit, and ordering Amsterdam to remove floors built in excess of the allowable bulk, should be reversed, on the law, the petition denied, and this hybrid proceeding brought pursuant to CPLR article 78 and seeking declaratory relief dismissed, without costs.
Order and judgment (one paper) of the Supreme Court, New York County (W. Franc Perry, J.), entered February 27, 2020, reversed, on the law, the petition denied, and this hybrid proceeding brought pursuant to CPLR article 78 and seeking declaratory relief dismissed, without costs.
Opinion by Singh, J. All concur.
Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2021



Footnotes

Footnote 1: Respondents filed their notices of appeal on March 3, 2020. On June 24, 2020, upon petitioners' motion to vacate the automatic stay of the judgment, this court granted interim relief to petitioners, but only to direct Amsterdam to cease "all marketing and sales in the subject building" pending determination of this appeal.