Matter of Barry's Bootcamp NYC LLC v Board of Stds. & Appeals of the City of N.Y. (2021 NY Slip Op 03809)





Matter of Barry's Bootcamp NYC LLC v Board of Stds. & Appeals of the City of N.Y.


2021 NY Slip Op 03809


Decided on June 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 15, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 159645/19 Appeal No. 13663 Case No. 2020-01179 

[*1]In the Matter of Barry's Bootcamp NYC LLC, Petitioner-Appellant,
v
Board of Standards and Appeals of the City of New York, et al., Respondents-Respondents.


Akerman LLP, New York (Scott M. Kessler of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Kevin Osowski of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered January 30, 2020, denying the petition to annul a determination of respondent Board of Standards and Appeals of the City of New York (BSA), dated May 21, 2019, which denied petitioner's application for a physical culture establishment (PCE) special permit, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Petitioner seeks to annul a resolution of respondent BSA, which denied petitioner's application for a special permit use to operate a health club at the subject premises. It is undisputed that petitioner had been illegally operating its health club without a special permit since January 2016, and that such a permit was required due to the health club's location in a C2-8 and C2-5.R8B zoning district. In response to numerous specific and documented complaints by residents of the same building, petitioner took various steps to measure, and remediate, the noise emanating from the health club. There was evidence before the BSA that these actions were ineffectual. The agency warned petitioner at the fourth public hearing, on May 7, 2019, that it needed to solve the noise problem immediately and avoid any noise complaints by the following public hearing on May 21, 2019, yet the noise problem persisted after May 7.
Decisions of the BSA are entitled to deference and a court may not substitute its own judgement for the reasoned determination of the board (Matter of Committee for Environmentally Sound Dev. v Amsterdam Ave. Redevelopment Assoc. LLC, 194 AD3d 1, 10-11 [1st Dept 2021]).As long as the BSA's determination is not arbitrary and capricious it will not be disturbed by a reviewing court (Matter of Atlantic Outdoor Adv., Inc. v Srinivasan, 110 AD3d 598 [1st Dept 2013]).
It was not arbitrary and capricious for BSA to deny petitioner's application pursuant to New York City Zoning Resolution § 73-03(a). The BSA could rationally determine that the record before it did not demonstrate that the adverse effects of the health club could be addressed by petitioner. Petitioner's arguments that the BSA acted out of bias towards petitioner, or in derogation of other BSA resolutions involving health clubs, are unavailing.
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2021