Matter of Katz v Town of Hempstead (2025 NY Slip Op 00659)

Matter of Katz v Town of Hempstead

2025 NY Slip Op 00659

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-03152
 (Index No. 609785/21)

[*1]In the Matter of Shoshanah Katz, et al., appellants, 
v
Town of Hempstead, et al., respondents.

Denis G. Kelly & Associates, P.C., Long Beach, NY, for appellants.
Robert Bogle (Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY [Rhoda Y. Andors], of counsel), for respondents Town of Hempstead, Board of Appeals of the Town of Hempstead, David P. Weiss, Joann Adams, Katuria D'Amato, Daniel M. Fisher, Jr., Joseph F. Pellegrini, Kimberly A. Perry, and John F. Ragano.
Sahn Ward Braff Koblenz PLLC, Uniondale, NY (Andrew M. Roth of counsel), for respondent YBC Holding, LLC.
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead dated June 9, 2021, which, after a hearing, granted the application of the respondent YBC Holding, LLC, for area variances, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), entered April 27, 2022. The order and judgment, inter alia, denied the petition and dismissed the proceeding.

DECISION & ORDER
Motion by the respondent YBC Holding, LLC, to dismiss the appeal on the ground that it has been rendered academic. By decision and order on motion of this Court dated April 14, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeal on the ground that it has been rendered academic is granted; and it is further,
ORDERED that the appeal is dismissed, without costs or disbursements.
The petitioners own property abutting a parcel of residential property owned by the respondent YBC Holding, LLC (hereinafter YBC), in Woodmere. In July 2021, the petitioners commenced this proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead (hereinafter the Board) dated June 9, 2021, which, after a [*2]hearing, granted YBC's application for area variances permitting the construction of a new, two-story residence on its property. The petitioners also moved for a preliminary injunction enjoining further construction of the residence. In an order and judgment entered April 27, 2022, the Supreme Court denied the motion, denied the petition, and dismissed the proceeding. The petitioners appeal.
Generally, the doctrine of mootness applies "where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172; see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 728-729). "Where the change in circumstances involves a construction project, [the court] must consider how far the work has progressed towards completion" (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729; see Matter of Town of Mt. Pleasant v Delaney, 149 AD3d 1086, 1087). Chief among the factors considered in determining mootness is "'a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation'" (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729, quoting Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d at 173; see Matter of Papert v Zoning Bd. of Appeals of Inc. Vil. of Quogue, 98 AD3d 581, 582). "'Also significant are whether work was undertaken without authority or in bad faith, and whether substantially complete work is readily undone, without undue hardship'" (Matter of Town of Mt. Pleasant v Delaney, 149 AD3d at 1087, quoting Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729).
Here, although the petitioners moved in the Supreme Court to preliminarily enjoin the subject construction, their motion was denied, and the petitioners thereafter failed to move in this Court for a preliminary injunction to preserve the status quo pending the determination of this appeal. In the interim, construction of the residence was substantially completed with the authority of the Board, which cannot now be undone without substantial prejudice and undue hardship to YBC. Under these circumstances, the appeal must be dismissed as academic (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729; Matter of Town of Mt. Pleasant v Delaney, 149 AD3d at 1087; Matter of Bruenn v Town Bd. of Town of Kent, 145 AD3d 878, 880; Matter of Yeshiva Gedolah Academy of Beth Aaron Synogogue v City of Long Beach, 118 AD3d 901, 902; Matter of Raab v Silverstein, 106 AD3d 746, 746-747; cf. Matter of Lucas v Board of Appeals of Vil. of Mamaroneck, 57 AD3d 784, 786).
Accordingly, YBC's motion to dismiss the appeal on the ground that it has been rendered academic is granted, and we do not address the merits of the petitioners' contentions.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court